## AMIS v. CONNER ET AL.

1. REWARDS : *What claimants must prove.*
   The claimant of a reward for the apprehension of a felon must prove not only that the reward was offered as alleged in his complaint, but also that the person arrested was the guilty party, if the answer denies both these facts.

2. SAME : *What is.*
   The offer of a reward is a promise conditional upon the rendition of some proposed service. The offerer may prescribe any terms he sees fit, and these terms must be complied with before any contract arises between him and a claimant.

APPEAL from *Bradley* Circuit Court.

Hon. J. M. BRADLEY Circuit Judge.

*Compton, Battle & Compton* for appellant.

There was no evidence of a legitimate character showing that the defendant ever personally offered a reward, but on the contrary the testimony shows that but one reward was offered and that by the firm, nor was there any evidence to show that the men arrested were the ones who committed the burglary.

Plaintiff failed to show that the conditions of the reward were complied with. There was no evidence upon which to base the verdict and in such case this court will reverse.

*R. C. Fuller* and *T. B. Martin* for appellees.

The evidence was sufficient to prove that the parties arrested were the ones for whom the reward was offered. This was a question of fact for the jury, and their finding will not be disturbed. *Ark. Reports passim.* Where

there is any evidence to support the verdict this court will not reverse. 31 *Ark.*, 164. Upon the *whole case* the judgment is right and should be affirmed.

SMITH, J.   The iron safe of Amies & Brother in Princeton, Dallas County, was broken open on the night of April 4th, 1880, by some unknown person or persons, and several thousand dollars in currency and State and County scrips were abstracted therefrom. This action was brought to recover a reward offered for the capture of the felons. The complaint alleged that Lewis Amis, the defendant, and a member of said firm, had offered a reward of $500 for the arrest of the theives, and that the plaintiffs, relying upon this promise, had caused to be arrested and delivered to the proper authorities the two men who had perpetrated the felony. The answer denied that the defendant had ever, as an individual offered any reward, but stated that his firm had advertised a reward of the sum mentioned for the apprehension of the offenders and the recovery of the stolen moneys. And it was denied that the plaintiffs had complied with the conditions of the offer, or with either of them. The plaintiffs recovered a verdict and judgment. And the motion for a new trial set up among other causes, insufficiency of the evidence to support the verdict.

1. RE-WARDS: Proof by claimant.   Under the issues raised by the pleadings, it was incumbent on the plaintiffs to prove, 1. That the defendants had, severally or jointly with others, offered a reward for the apprehension of the guilty parties, without the return of the moneys and securities, and 2. That the two men whom the plaintiffs arrested were the same persons who had committed the crime.

2. What is a reward.   The offer of a reward is a promise conditional upon the rendition of some proposed service. He who offers it has

Amis v. Conner et al.

the right to prescribe any terms he may see fit and these terms must be complied with before any contract arises between him and a claimant. *Sherry v. United States*, 92 *U. S.*, 73; *Jones v. Phoenix Bank*, 4 *Seld.*, 228.

The decided preponderance of the testimony is, that but one reward was offered in this case; that the offer was made in the name of the injured firm, and not in the name of the defendant individually, and that it stipulated for the restoration of the money, as well as for the arrest of the criminals. The terms of this offer were published in the Little Rock Democrat, a public newspaper, and in various other modes, one of which was by a writing sent to the town of Toledo, in wich the plaintiffs resided. Of this notice of reward the plaintiff Conner had knowledge; for he had copied and distributed it to various points. But shortly after the loss, the defendant went in person to Toledo, and there some persons understood him to say in conversation that he would pay $500. for the simple arrest of the burglars and communicated their information to the plaintiffs, who acted upon it.

Upon the first proposition, then, which it was necessary for the plaintiffs to establish, there was a conflict of testimony. And this court has always been reluctant to disturb the verdicts of juries, however unsatisfactory they may be, where there is any evidence to sustain them. But upon the second proposition, which it was equally necessary for the plaintiffs to prove before they could succeed, there is a total failure of evidence. The persons arrested never confessed the crime; they were never convicted of it; there is no proof that they were ever in Dallas County until they were carried there by the Sheriff after their arrest; and from no fact that was in evidence could the jury reasonably infer that they had any connection with the affair. They were strangers passing

through Dorsey County afoot, several weeks after the crime had been committed; they did not come from the direction of Princeton, but from the opposite direction of Pine Bluff; and they were arrested simply because it was supposed they corresponded with the personal description of two men who were suspected of being implicated in the plundering of the safe. When informed of the cause of their arrest, they said they had never heard that the safe had been robbed: and being informed that one of the party of arrest was the Sheriff of the county, they claimed his protection. In their valise were found some queer tools, such as the witnessess had never seen before, and did not know the use of, but which they evidently took to be the tools of a safe burglar. And on their persons were found $400. in money; but it was not proved to be the money that was stolen, nor did Amis & Brother claim it as such, The defendant was sent for and on his arrival, according to some of the witnesses, expressed his belief that they had got hold of the right parties. But this was only a matter of opinion. He did not himself know who were the authors of the crime, nor did any other witness. The men were confined in jail; but soon after made their escape. The evidence also tended to prove that the safe was opened by means of a punch and sledge-hammer, which belonged to the village blacksmith and which were left on the spot.

This was the substance of the testimony as to the identity of the men that were arrested [with the men who plundered the safe. And it wholly fails to show that the plaintiffs had earned the reward, even if the sole condition of that reward was, as is. stated in the complaint, the apprehension of the persons who committed the offence.

Reversed and remanded for a new trial.