[Civ. No. 1215. First Appellate District.—May 13, 1913.]

## FRANCES C. BERTHIAUME, Appellant, v. JOHN DOE et al., Defendants; WARREN C. JONES, Defendant and Respondent.

REWARD—RIGHT OF FINDER OF LOST PROPERTY.—Sections 1865 and 1867 of the Civil Code provide, in substance, that when the finder of a thing takes possession· of it he must, within a reasonable time, inform the owner thereof and make restitution to him upon demand; and that upon so doing is entitled to a reasonable charge for saving and caring for the property, and to a reasonable reward for keeping it. These provisions, however, are independent of any offer of reward by the loser and acceptance of such offer by the finder.

ID.—EXPRESS PROMISE OF REWARD—EFFECT AS CONTRACT.—If the loser of property makes an express promise of a reward, either to a particular person or in general terms to any one who will return the property to him, and in consequence of such offer the property is returned to him, there is thus constituted a valid and binding contract.

ID.—CONSIDERATION FOR CONTRACT.—Such contract is not lacking in consideration; the return of the property being a sufficient consideration to support the promise.

ID.—REVOCATION OF OFFER.—The offer of a reward for the return of lost property may be revoked before it is acted upon.

ID.—REJECTION OF OFFER.—A requested modification of an offer of reward does not constitute a rejection of it.

ID.—REPLEVIN FOR RETURN OF LOST PROPERTY—PAYMENT OF REWARD.—In this action of claim and delivery for the return of lost property, wherein the defendant in his cross-complaint demands the payment of a reward for finding the property, the evidence shows that, while the defendant in the negotiations for the return of the property demanded a larger amount than that offered as the reward, the plaintiff at no time withdrew the offer on that account.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. A. J. Buckles, Judge presiding.

The facts are stated in the opinion of the court.

Ames & Manning, for Appellant.

McGowan & Westlake, for Respondent.

KERRIGAN, J.—This is an action of claim and delivery for the return of lost property. The defendant, in addition to his answer, set up a cross-complaint demanding payment of a reward of five hundred dollars, and that the same be declared to be a lien upon the property. The case was tried, and judgment went for defendant as demanded.

It is not disputed that the plaintiff lost the property in question, that the defendant found it, nor that the plaintiff offered a reward of five hundred dollars for its return. It is denied, however, that the defendant, relying upon the promise of plaintiff to pay the reward, offered to return the property to plaintiff. The evidence shows that the next day after the reward was advertised the defendant placed the property in the hands of his attorneys, and that shortly thereafter the parties hereto met to discuss and settle the question of the amount of the reward. The defendant, it seems, had demanded a larger amount than the sum advertised for the return of the property, which plaintiff declined to pay, but at no time withdrew the advertised offer. On the contrary, after some discussion she agreed to pay the five hundred dollars, provided a certain expert would say upon examination that the stones in the jewels had not been removed and replaced by imitations.

There is no evidence nor claim that the jewels had been thus altered.

The court found against the contention of plaintiff that the jewels had not been returned pursuant to the offered reward, and the evidence just narrated sustains that finding.

Under the findings—which are supported by the evidence, the judgment of the trial court must be sustained.

Sections 1865 and 1867 of the Civil Code provide in substance that when the finder of a thing takes possession of it, he must within a reasonable time inform the owner thereof, and make restitution to him upon demand; and upon so doing is entitled to a reasonable charge for saving and caring for such property and to a reasonable reward for keeping it. These provisions, however, are independent of any offer of reward by the loser, and acceptance of such offer by the finder. If the loser of property makes an express promise of a reward, either to a particular person or in general terms to any one who will return the property to him, and in consequence of such offer it is returned to him, there is thus constituted a

valid and binding contract. In such a case there is an offer of terms on the one side and an assent to or acceptance of them upon the other, respectively communicated to each other by the parties, which necessarily constitutes a simple contract.

Such contract is not lacking in consideration, the return of the property being a sufficient consideration to support the promise. From a very early period in the history of the law it has been held that the publication of an advertisement offering a reward is a general offer to any person, and the acceptance of it creates and constitutes a valid contract. (*Williams* v. *Carwardine,* 4 B. & Adol. 621, [110 Eng. Reprint, 590]. See, also, note to *Ryer* v. *Stockwell,* 73 Am. Dec. 634; *Wilson* v. *Guyton,* 8 Gill. (Md.) 214; *Wentworth* v. *Day,* 3 Metc. (Mass.) 352, [37 Am. Dec. 145] ; *Wood* v. *Pierson,* 45 Mich. 313, [7 N. W. 888] ; *Pierson* v. *Morch,* 82 N. Y. 503; *Grady* v. *Crook,* 2 Abb. N. C. (N. Y.) 53.)

It may be conceded that the owner of the lost property was under no legal obligation to make an offer of reward, but having concluded to do so he could propose whatever terms he might consider as a sufficient inducement to insure the return of the jewels; and having done so he became liable upon such offer upon its acceptance by the finder. (*Reif* v. *Paige,* 55 Wis. 496, [42 Am. Rep. 731, 13 N. W. 473] ; *Amis* v. *Conner,* 43 Ark. 337.)

The offer of reward, however, could be revoked before it was acted upon.

The facts of this case, however, show no retractation of the offer. While it may be true that defendant attempted to induce the plaintiff to pay a larger sum than that offered as a reward, yet all through the negotiations for the return of the property there was no attempt on the part of the plaintiff to withdraw the offer on that account. A requested modification of an offer does not constitute a rejection of it. (1 Beach on Contracts, sec. 45.)

The evidence does not sustain the view contended for by plaintiff that defendant intended to appropriate the property to his own use, and was thus guilty of larceny under the provisions of section 485 of the Penal Code. And if it should be suggested that the offered reward was extorted from the plaintiff, or that it was the result of duress of goods, or for any reason not the voluntary act of the plaintiff, it is sufficient to

say: 1. That the findings of the court negative such theory; and 2. If they do not, such matters not having been pleaded cannot now be considered.

The judgment and order are affirmed.

Lennon, P. J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on July 12, 1913.