[Civ. No. 1766. Second Appellate District.—November 16, 1915.]

GRACE M. CARTER, Respondent, v. IRA W. HOLT et al., Respondents; ROBERT T. LINNEY, Appellant.

ACTION TO ESTABLISH TRUST—CONTRACT FOR PURCHASE OF AUTOMOBILE—PLEADING—OWNERSHIP NONESSENTIAL AVERMENT.—In an action against the assignee of a contract for the purchase of an automobile, wherein it is sought to have the plaintiff declared the owner thereof to the extent of the amount of her money invested therein by the purchaser, who procured the same from her by means of fraud and false representations, it is not essential to the statement of a cause of action that the complaint should allege that title to the machine had passed to the purchaser, as a trust may, in such a case, be impressed upon the contract, as well as upon the property.

ID.—ASSIGNMENT OF CONTRACT—KNOWLEDGE OF PLAINTIFF'S RIGHTS—SUFFICIENCY OF COMPLAINT.—The complaint in such action, in the absence of a special demurrer, sufficiently shows that the defendant had knowledge of plaintiff's rights prior to the assignment, where it is alleged that the assignment was made without consideration, and after knowledge by said defendant that said automobile had been purchased with plaintiff's moneys and funds "as aforesaid."

ID.—PRIORITY OF LIENS—PAYMENT BY ASSIGNEE—SECOND LIEN.—The right of the plaintiff to have an equitable lien declared upon the automobile to the extent of her money invested therein is prior to any right of the assignee to have a lien declared thereon for additional money paid by him after he acquired the contract, where he took the contract with knowledge of the plaintiff's rights.

ID.—ATTORNEY AS DEFENDANT—REPRESENTATION BY COUNSEL—RIGHT TO CROSS-EXAMINE WITNESS.—Where the defendant in such action is an attorney at law and is represented by other counsel who conduct

his case to a point in the proceedings where the defendant himself proposes to cross-examine a witness, it is not error to deny him such right of cross-examination, it appearing that he would be a witness in his own behalf.

ID.—CONDUCT OF TRIAL—PARTY REPRESENTED BY ATTORNEY.—Where a party appears in court as a litigant represented by an attorney of record, the court may insist that such attorney and not his client, appearing as a party litigant only, conduct the trial.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Robert T. Linney, *in pro. per.*, and Kendrick & Ardis, for Appellant.

Ralph W. Schoonover, for Respondent Ira W. Holt et al.

Harriman, Ryckman & Tuttle, for Respondent Grace M. Carter.

SHAW, J.—The complaint shows that by means of fraud and false representations defendant Holt obtained from plaintiff the sum of $1,151.37; that he entered into a contract with an automobile company for the purchase of an automobile for the sum of $1,375, and of the money so fraudulently obtained from plaintiff he paid thereon $625; that thereafter, and before the filing of the complaint herein, Holt was arrested, charged with the embezzlement of said sum of money so procured from plaintiff; that he employed defendant Linney as attorney to defend him upon said charge of embezzlement, and to whom he assigned said contract for the purchase of the automobile upon which he had paid $625 of plaintiff's money; "that said assignment was made without consideration and after knowledge by said Linney that said automobile had been purchased with plaintiff's money and funds as aforesaid"; that the automobile is in the possession of Holt and Linney. In addition to general relief asked, the prayer of the complaint, so far as appellant is concerned, is that plaintiff be declared the owner of said contract and automobile to the extent of the application of plaintiff's money in the purchase thereof so made by Holt.

The court, among other things, found that plaintiff was entitled to an equitable lien upon the automobile to the extent of $625 so invested therein, and that Linney held the car charged with such lien. Judgment followed, from which, and an order denying his motion for a new trial, Linney appeals.

Appellant's first contention is that the complaint (to which no demurrer was interposed) fails to state facts sufficient to constitute a cause of action against him. This for two reasons: First, it is not alleged that title to the automobile passed to Holt, but that he merely held a contract in the form of a lease for its purchase. No ground is assigned for this contention and we perceive no reason why, in a proper case, a trust might not be impressed upon a contract or lease, as well as upon other property. Second, it is claimed the complaint fails to show that prior to Linney's acquiring the automobile and contract of purchase he had knowledge of plaintiff's rights therein. In the absence of a special demurrer, we think the allegation that the assignment was made to him by Holt without consideration and "after knowledge by said Linney that said automobile had been purchased with plaintiff's money and funds as aforesaid," was a sufficient showing of the fact. The words "as aforesaid" refer to the fraudulent acts of Holt by means whereof he obtained the money and invested it in the automobile; all of which, it is alleged, was known to Linney.

It is next claimed that the judgment is not supported by the findings, in that it appeared that after Linney acquired the contract upon which Holt had paid the $625, he paid thereon $260, and the judgment accorded plaintiff a lien thereon for her $625 which was declared prior to any rights of Linney by reason of the $260 so paid by him. Since Linney took the contract with knowledge of plaintiff's rights thereunder, his position as to money loaned or paid thereon must be deemed that of a second lienor, just as if he had a second mortgage on the property.

Defendant Linney appeared in court by an attorney of record, who conducted his case to a point in the proceedings where defendant Linney proposed to cross-examine one of plaintiff's witnesses; whereupon, it appearing that he would be a witness in his own behalf, the court denied him the right to cross-examine the witness. Thereupon his attorney of record continued the conduct of the case, cross-examining

the witness. It is claimed this was reversible error. Had appellant had no attorney of record representing him, no doubt exists as to his right to appear *in propria persona* and conduct his case, and notwithstanding the incidental inconvenience, he could also have appeared as a witness. But where a party appears in court as a litigant represented by an attorney of record, the court may insist that such attorney and not his client, appearing as a party litigant only, conduct the trial. (*Boca etc. R. R. Co.* v. *Superior Court,* 150 Cal. 153, [88 Pac. 718].) Indeed, courts have not infrequently insisted that where more than one attorney appears, one only shall conduct the examination of witnesses. But however this may be, and conceding the ruling was error, it is impossible to perceive how defendant was prejudiced thereby, and hence it may be disposed of by applying thereto the provisions of section 4½, article VI, of the constitution.

There is no merit in the contention that the court failed to find upon an issue tendered by the answer, to the effect that appellant purchased the auto from the Studebaker Company by an independent contract after it had repudiated the contract made with Holt and which he had assigned to Linney. As to this the court, in effect, found that upon Linney presenting the assignment to the company it, in writing, recognized and approved the assignment; whereupon Linney paid the installments thereon then due; that thereafter the company, having knowledge that the $625 paid to it by Holt was plaintiff's money, and after the assignment made to Linney with its approval, attempted to rescind the contract after Holt had assigned the same to Linney who had, by reason of said assignment, paid the arrearage. The finding is sufficient to negative the allegation made in the answer.

Appellant attacks as being without support a number of findings based upon and in accordance with facts which the evidence and fair inferences to be drawn therefrom tended to prove. The evidence tends to establish the fact that appellant, when he acquired the assignment from Holt, knew the manner in which the latter had obtained plaintiff's money, and knew that he had wrongfully and in violation of the trust reposed in him invested $625 thereof in the automobile, upon which there were some installments due and unpaid. Linney, accompanied by Holt, went to the office of the Studebaker Company, the seller of the car, where the assignment

of the contract was made, Linney stating that he desired to get the car the possession of which it appears Holt had theretofore delivered to the company. Upon the making of the assignment and Linney paying the installments then due and unpaid, the company indorsed thereon: "We, the Studebaker Company, consent to the assignment, and fully release Mr. Holt hereunder," signed by William J. La Casse, sales manager; and thereupon delivered the automobile to Linney. Several days afterward all the parties, ignoring this completed transaction, made a new deal which purported to cancel the contract so assigned by Holt to Linney and pursuant to which the company had delivered the car to Linney, and a new contract was made direct with Linney which, so far as it concerned the amount, terms and conditions, was identical with the terms and conditions contained in the contract made with Holt and by him assigned to Linney. The company recognized the existence of its contract with Holt and his right to assign the contract, pursuant to which it delivered the car to Linney and released Holt from further liability thereon. The court was justified, under all the circumstances, in its conclusion that this was a mere subterfuge.

The judgment, which appears to be a righteous one, and the order denying appellant's motion for a new trial are affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 13, 1916.