EL MUNICIPIO DE AGUADILLA, DEMANDANTE Y APELADO v. AMERICAN RAILROAD COMPANY ET AL., DEMANDADOS Y APELANTES.

Apelación procedente de la Corte de Distrito de Aguadilla en procedimiento de *mandamus*.

No. 2600.—Resuelto en julio 10, 1922.

*Mandamus*—CAUSA DE ACCIÓN—DEBER MINISTERIAL.—Para que pueda obligarse al cumplimiento de un deber por medio del auto de *mandamus* es necesario que el que lo solicita muestre que se trata de un deber resultante de un empleo, cargo o función pública, y en ese sentido la solicitud en el presente caso es defectuosa.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. M. Acosta Velarde y F. H. Dexter.*

Abogado del apelado: *Sr. J. Valldejuli.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta fué una solicitud presentada por el Municipio de Aguadilla para que se expidiera un auto de *mandamus*. La solicitud después de mostrar quienes son las partes, alega lo siguiente:

"IV. Que la mencionada American Railroad Company of Porto Rico, como explotadora de las propiedades de la Compañía de los

Ferrocarriles de Puerto Rico como cesionaria de la misma, está explotando la mencionada vía ferroviaria desde San Juan a Ponce, pasando por Aguadilla en virtud de una franquicia otorgada a su favor por el Consejo Ejecutivo en 28 de octubre del año 1901.

"V. Que en virtud de una franquicia titulada '*An Ordinance granting to the Compañía de los Ferrocarriles de Puerto Rico and its assign, the American Railroad Company of Porto Rico, a revocable permit to construct a branch track into the town of Aguadilla and to cross and use certain portions of certain public highways in and near the town of Aguadilla*,' aprobada en 23 de mayo de 1903, dicha compañía American Railroad Company of Porto Rico construyó un ramal de su vía central desde el punto conocido por barrio Higüey a través de la calle del Progreso, atravesando la calle Betances y continuando luego por la calle El Comercio hasta el punto en que en esta calle se halla levantada la estación de dicha compañía en el sitio denominado La Playa.

"VI. Que en virtud de los términos y preceptos de la franquicia últimamente mencionada, la demandada, American Railroad Company of Porto Rico, está obligada a sostener un tren de pasajeros desde el punto en que comienza el ramal mencionado hasta la estación de la ciudad en el sitio denominado La Playa para cada tren de pasajeros que llegue a la ciudad de Aguadilla por la vía general de dicha compañía a fin de que los pasajeros cuyo destino es Aguadilla, lleguen hasta la misma ciudad.

"VII. Que dicho ramal que corre por las arriba citadas calles de la ciudad de Aguadilla, hasta el centro de la ciudad, constituye una ruta o vía directa e importante para el pasaje público, para su mejor conformidad y comfort y necesaria para la conveniencia de la comunidad y del público en general y necesaria para la conveniencia y comodidad del pasaje público."

Pasa entonces la solicitud a exponer que la demandada American Railroad Company no ha cumplido con el deber así expresado, que no ha corrido los trenes por el ramal descrito, y que el peticionario carece de otro remedio. La contestación fué en efecto una excepción previa, de modo que todos los hechos de la solicitud que han sido bien alegados pueden tenerse por admitidos. La corte después de una vista ordenó a la demandada que pusiera al servicio del pú-

blico o comunidad de Aguadilla un tren de pasajeros por el ramal en cuestión. En apelación dos errores han sido alegados, a saber: 1. La corte de distrito erró al dictar sentencia contra las demandadas y sostener que ella tenía facultad o jurisdicción para conocer de este caso. 2. La corte de distrito erró al dictar sentencia contra las demandadas y sostener que la peticionaria carece de un recurso eficaz y adecuado en ley.

Si se examina la solicitud, se verá que las palabras de la ordenanza por las cuales la demandada estaba en el deber de correr un tren por Aguadilla no han sido transcritas, de modo que carecemos de medios para determinar exactamente cuál era el deber y cómo surgió. La Ley de *Mandamus* requiere que el deber sea resultante de un empleo, cargo o función pública, pero en este caso, si debemos tomar en cuenta las inferencias, el deber se alega que surge con motivo de una ordenanza, con la cual probablemente estuvo conforme y aceptó la demandada. La petición no expresa quien hizo la ordenanza, pero supongamos que fué el municipio. Podemos entonces dudar si el municipio puede por ordenanza imponer a una compañía de ferrocarriles el deber de funcionar un tren por Aguadilla. Necesariamente parecería ser por virtud de los hechos alegados, un deber que surge por razón de un convenio y no por virtud de un estatuto público. El apelado no nos ha mostrado que la demandante tenía un deber que puede hacerse cumplir mediante la Ley de *Mandamus*. En este sentido el caso de *Northern Pacific Railroad v. Dustin,* 142 U. S. 498, es probablemente aplicable.

Insiste la apelante en que el peticionario tiene otro recurso legal y, suponiendo que exista el debido interés en el municipio, creemos que tiene razón la apelante. La Legislatura de Puerto Rico ha establecido una Comisión de Servicio Público y en la ley que crea la comisión le ha conferido amplios poderes, Ley No. 70 de 1917. Si la compañía está en el deber de correr este tren por Aguadilla dicha comisión

puede procurar que se cumpla. Al menos la Legislatura no ha conferido a ningún otro organismo la facultad de hácer que un ferrocarril funcione sus trenes. Puede ser cierto, como sostiene el apelado que la Comisión del Servicio Público no tenga poder para hacer al ferrocarril cumplir sus órdenes, pero el apelado no nos ha demostrado que podamos hacerlo así en este caso.

No vemos que el apelado haya probado un caso que requiera la expedición de un auto de *mandamus.* Por tanto, debe revocarse la sentencia apelada y desestimarse la solicitud.

> *Revocada la sentencia apelada y desestimado*
> *el* mandamus.

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.