## BOYCE *v.* GOODWIN.

### Opinion delivered April 30, 1923.

1. REWARDS—CONDITIONS.—He who offers a reward has the right to prescribe any terms he sees fit, and these terms must be complied with before any contract arises between him and the claimant.

2. REWARDS—AMOUNT.—Where defendant offered a reward of $35 "for information resulting in the arrest and conviction of any one cutting trees" on his land, and plaintiff discovered three men cutting the same trees on defendant's land, and reported this fact to defendant's agent, thereby causing the arrest and conviction of the three men, the words "any one" were used to mean all persons participating in the same act, and plaintiff was entitled to recover only $35.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

### STATEMENT OF FACTS.

C. L. Boyce sued C. L. Goodwin to recover a reward offered for information resulting in the arrest and con-

viction of any one cutting trees on the land of the defendant. The offer of the reward is as follows:

"All persons, including hunters, are prohibited from cutting any trees on this land under any condition, and will be prosecuted for so doing, when caught.

"$35 Reward

"For information resulting in the arrest and conviction of any one cutting trees on this land.

"C. L. GOODWIN, Owner."

On Feb. 10, 1922, C. L. Boyce discovered three men engaged in unlawfully cutting timber on the land of C. L. Goodwin. He reported the matter to an agent of Goodwin, and the offenders were arrested, tried, and convicted. No appeal was taken from the judgment of conviction. The plaintiff asked for judgment in the sum of $105 against the defendant. The defendant tendered the sum of $35 to the plaintiff, and, upon his refusal to accept it, tendered the amount in court. In his answer, the defendant further alleged that the three parties were engaged in cutting the same trees, and that they were tried and convicted together.

The proof corresponded with the pleadings, and the court rendered judgment in favor of the plaintiff for $35.

The plaintiff has duly prosecuted an appeal to this court.

*Culbert L. Pearce,* for appellant.

An offer of reward becomes a binding contract when accepted and service performed. Clark on Contracts, 47; 23 R. C. L. 1114; 24 Am. & Eng. Enc. of Law, 945. One offering reward has right to prescribe terms and conditions, which cannot be changed after service rendered. 43 Ark. 337; 117 Ark. 243; 8 Ann. Cas. 860, note; 24 Am. & Eng. Enc. of Law, 942, 952, 955; 23 R. C. L. 1115, 1128, 1129. If contract not understood alike by parties, it is subject to construction by the court. 24 Am. & Eng. Enc. of Law, 946. "Any one"

defined: Bouvier's Law Dictionary; Webster's International Dictionary; 1 Words & Phrases, 412, 2nd Series; 216 Ann. Cas., 1916-E, note; *State ex rel.* v. *Kansas City;* see *Chambers* v. *Ogle,* 117 Ark. 242. In case of doubt, rule requires construction most favorable to promisee. 6 R. C. L. 854; 4 Ark. 199; 73 Ark. 338; 74 Ark. 41; 84 Ark. 431; 90 Ark. 88; 105 Ark. 518; 112 Ark. 1; 171 S. W. 136.

*Brundidge & Neelly,* for appellee.

The reward of $35 was offered for the arrest and conviction of "any one cutting trees on this land." Definition of "any one," Webster's Unabridged Dictionary; 3 C. J. 249. Of course appellant cannot recover a reward for each of the three persons convicted of cutting one tree at the same time.

HART, J., (after stating the facts). The judgment of the chancery court was correct. As stated in *Amis* v. *Conner,* 43 Ark. 337, he who offers a reward has the right to prescribe any terms he may see fit, and these terms must be complied with before any contract arises between him and the claimant.

The plaintiff seeks to reverse the judgment upon the ground that he was entitled to a reward of $35 for each of the three persons convicted. The record shows that the three persons were convicted of cutting the same tree at the same time. The reward was for information resulting in the arrest and conviction of any one cutting trees on the land of Goodwin. The word, "any one," in the sense it was used, included all persons participating in the same act. The word frequently extends to an indefinite number of persons included in the same transaction. Here the three persons were engaged in cutting the same tree at the same time, and we think, when the reward is construed as an entirety, the word "any one" was intended to include all who might participate in the same act of trespass.

The decree is affirmed.