BONOCIO ROMÁN CANCEL ET AL., Petitioners, *v.* DISTRICT COURT OF ARECIBO, Respondent.

No. 398. Argued April 10, 1944.—Decided April 28, 1944.

*Diego E. Ramos* for petitioners. *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for respondent.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The petitioners in this case have sought the issuance of a writ of mandamus directed to the District Court of Arecibo commanding it to dismiss Criminal Case No. 6934 against said petitioners now pending before that court. The following are the essential facts in this case. An information was filed in the inferior court on June 5, 1940, against the two petitioners, in which they were charged with the commission, on May 12, 1940, of the crime of assault with intent to commit manslaughter. The case was set for trial on November 26, 1943. On the 24th of that same month, Attorney F. Santos Borges, counsel for the defendant, filed a motion asking for a continuance of the case to a further date, and waiving the prescriptive period set forth in §448 of the Code of Criminal Procedure. Said motion was predicated upon the fact that neither the defense attorney nor the marshal of the court had been able to locate the defendants to notify them of the date of trial despite the efforts made to find them. A continuance was asked to avoid service upon the sureties and to avoid the defendants being declared fugitives from justice. The court below ordered the continuance and set the case for trial on March 8, 1944.

On March 6, 1944, the defendants through their counsel, Attorney Diego E. Ramos, filed a motion to dismiss the prosecution because more than 120 days had elapsed since the filing of the information without the case having been tried. It was alleged that the defendants were not notified nor had knowledge of the setting of the trial for November 26, 1943, notwithstanding the fact that they are residents of the ward of Florida, where they are very well known; that if service had been attempted, they would have been easily found; that they never authorized Attorney Santos Borges to ask for a continuance of the case, much less to waive their right to a speedy trial.

From the record before us it appears that on March 8, 1944, when the case was called for trial, the defendants were present, together with Attorney Diego E. Ramos; that at said time Attorney Pedro Santos Borges was also present, and that up to that moment he was the attorney of record for the two defendants. When the motion to dismiss was filed, the district attorney asked that it be stricken out because it was signed by an attorney who was not the attorney of record of the defendants, and because no petition had been made by them to replace their attorney. The court, after stating that the question raised was one of professional ethics, heard the following evidence:

The deputy clerk of the court testified that the "Minute Book," which he had before him, showed that at the arraignment the defendants appeared, with their counsel, Attorney Santos Borges; that from the minutes it did not appear that the defendants had at any time asked that Attorney Santos Borges be replaced by another attorney; and that the only thing that appeared was a motion by Attorney Santos Borges, asking for a continuance of the case.

Attorney Santos Borges testified that it was Mr. Saro Polanco, who, on May 15, 1940, engaged him to act as counsel for the defendants; that on that same date he went to the jail to see the defendants and took the necessary steps so that they would be released on bail; that on the day set for the arraignment the defendants went to look for him and he went with them to the court and he represented them on the said occasion, filing a plea of not guilty and asking for a separate trial by jury; that the setting of the case for November 24, 1943, was notified to him on time; that he wrote to Saro Polanco and received no answer, and when he noticed that the defendants did not appear, he filed the motion for continuance in which by mistake it was said that he was counsel appointed by the court; that he asked for a continuance to prevent the defendants and the sureties from

being prejudiced; that the defendants have never asked him to withdraw from the case or to allow any other attorney to join him in their defense: that the defendants have not paid him his fees for the services thus far rendered by him.

Attorney Ramos testified that on March 6, 1944, the defendants went to his office and informed him that Attorney Santos Borges was not going to defend them, and that because of this he filed the motion to dismiss; that he never talked to Santos Borges about this matter; that he examined the record of the case and he saw that Santos Borges appeared therein as defendants' counsel; and that from the record no motion for substitution of attorney appeared.

After the evidence was heard, the court decided that up to that time Attorney Santos Borges was the defendant counsel; that the motion to dismiss filed by Attorney Ramos should not have been filed until the defendants had asked the court for permission to change attorneys. A few minutes afterwards, Attorney Ramos filed a written motion asking for the elimination of Santos as attorney of record, and that he be replaced by Ramos. The court ordered the substitution of attorneys, and a continuance of the case, so that the defendants would have a new opportunity to file the motion to dismiss. Attorney Ramos refused to file anew the motion to dismiss and instead filed this petition of mandamus which is now before us.

We do not find in the actions of the court below anything that could be considered as prejudicial to the interests of the defendants. Attorney Santos Borges being counsel of record for the defendants and the latter not having asked that he be replaced by Attorney Ramos, the court below acted correctly in not allowing the latter's intervention until the defendants asked the court to approve the substitution.

It is indispensable to the dignity of the courts and to the orderly disposition of its business, that the attorney of

record retain the direction and defense of the case, and that his actions be not contested or interfered with by anyone, except the party whom he represents. When a client is not satisfied with his attorney's services, his legal remedy is a simple one. All he need to do is file in the court a motion to allow him to change his attorney. While this is not done, the court must presume that the party has authorized the attorney to represent him and defend him during the course of the proceedings. *Gill* v. *Southern Pacific Co.,* 21 Cal. App. 821, 22 Cal. App. 79; *Carter* v. *Holt,* 28 Cal. App. 796, 154 P. 37; *McMunn* v. *Dehrke,* 29 Cal. App. 298, 155 P. 473; 2 R.C.L. 987; Canon No. 7, Canons of Professional Ethics, 48 P.R.R. XIII and XIV.

The court below did not err in holding, as it did, that as long as the attorney of record was not replaced by Attorney Diego E. Ramos, the latter was not legally authorized to participate in the case.

■■ The record before us discloses that the court below granted the petitioners a sufficient opportunity to file anew their motion to dismiss the information and for this purpose ordered a postponement of the trial, which had been set for March 8, 1944.

The defendants did not take advantage of this opportunity tendered to them by the court below and unnecessarily resorted to this court asking for a writ of mandamus ordering the dismissal of the prosecution.

The writ of mandamus lies in a case where without just cause a defendant is not tried within 120 days and the inferior court refuses to order the dismissal of the case. In the instant case the lower court has not had an opportunity to consider and decide whether or not the dismissal of the prosecution against the petitioners lies.

■ The petitioners have an adequate legal remedy to obtain the dismissal, if they are entitled to it. Instead they have resorted to an extraordinary remedy, mandamus, which

can be granted only when there is no adequate legal remedy. Furthermore, the record before us does not contain sufficient data for us to decide whether or not there was just cause for the delay in trying the case.

The writ issued is hereby annulled and the petition dismissed.