Bonocio Román Cancel y Francisco Román Miranda, peticionarios, *v.* Corte de Distrito de Arecibo, Hon. R. Agraít Aldea, Juez, demandada.

Núm. 398.—*Sometido:* Abril 10, 1944. *Resuelto:* Abril 28, 1944.

508

*Diego E. Ramos,* abogado de los peticionarios; *Luis Negrón Fernández, Fiscal Auxiliar del Tribunal Supremo,* abogado de la demandada.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

Los peticionarios en este caso han solicitado la expedición de un auto de *mandamus* dirigido a la Corte de Distrito de Arecibo, ordenándole que sobresea y archive la causa criminal núm. 6934, pendiente ante dicha corte contra los peticionarios. He aquí los hechos esenciales del caso:

En 5 de junio de 1940 se radicó ante la corte inferior una acusación contra los dos peticionarios, en la que se les imputaba la comisión, en 12 de mayo del mismo año, de un delito de ataque para cometer homicidio. El caso fué señalado para ser visto el día 26 de noviembre de 1943. El 24 del mismo mes, el Licenciado P. Santos Borges, abogado del acusado, radicó una moción solicitando la suspensión de la vista hasta nuevo señalamiento y renunciando el término de prescripción fijado por el artículo 448 del Código de Enjuiciamiento Criminal. El fundamento de dicha moción fué que ni el abogado de los acusados ni el márshal de la corte habían podido localizar a los acusados para avisarles del señalamiento del caso, no obstante haber hecho gestiones para encontrarles; y se pedía la suspensión para evitar la citación de los fiadores y que se declarase a los acusados prófugos de la justicia. La corte inferior ordenó la suspensión solicitada y señaló el 8 de marzo de 1944 para la celebración del juicio.

El día 6 de marzo de 1944, los acusados, representados por el abogado Licenciado Diego E. Ramos, radicaron una "moción de sobreseimiento y archivo" de la acusación, por

haber transcurrido con exceso el término de 120 días desde su radicación hasta la fecha de la moción, sin que el caso hubiera sido llevado a juicio. Se alegó que los acusados no fueron notificados ni tuvieron conocimiento del señalamiento para el 26 de noviembre de 1943, no obstante ser ellos vecinos del Barrio Florida, donde son muy conocidos; que si se hubiera intentado notificarles se les hubiese encontrado con facilidad; y que ellos nunca autorizaron al Lic. Santos Borges para pedir la suspensión del juicio y menos para renunciar el derecho de los acusados a un juicio rápido.

Del récord taquigráfico que tenemos a la vista aparece que el 8 de marzo de 1944, al ser llamado el caso para juicio, los acusados comparecieron acompañados por el Lic. Diego E. Ramos; y que también compareció en dicho acto el Lic. Pedro Santos Borges, quien hasta ese momento era el abogado de *record* de los dos acusados. Al presentarse la moción de sobreseimiento y archivo, el fiscal solicitó su eliminación por estar dicha moción suscrita por un abogado que no es el abogado de récord de los acusados y no haberse presentado una solicitud de los acusados para la sustitución de abogados. La corte, después de hacer constar que la cuestión planteada es una de ética profesional, practicó la siguiente prueba:

Declaró el Subsecretario de la corte, que del Libro de Minutas que tenía en sus manos aparece que al acto de la lectura de la acusación los acusados comparecieron asistidos de su abogado Licenciado Santos Borges; que en las Minutas no aparece constancia alguna de que los acusados hayan solicitado en momento alguno la sustitución del abogado Santos Borges por otro abogado; y que lo único que aparece es una moción del abogado Santos Borges pidiendo la suspensión del juicio.

El Lic. Santos Borges declaró que fué el Sr. Saro Polanco quien en 15 de mayo de 1940 le encargó la defensa de los acusados; que ese mismo día fué a la cárcel a visitar a

los acusados e hizo las gestiones necesarias para conseguir que fuesen puestos en libertad bajo fianza; que el día señalado para la lectura de la acusación los acusados fueron a buscarle y él fué con ellos a la corte y les representó en dicho acto, haciendo una alegación de inocencia y pidiendo juicio por jurado; que el señalamiento para 24 de noviembre de 1943 le fué notificado a tiempo; que le escribió al fiador Saro Polanco y no recibió contestación y al ver que los acusados no venían radicó la moción de suspensión, en la que por error se hizo constar que era abogado de oficio; que solicitó la suspensión para evitar que sus representados y los fiadores se perjudicaran; que los acusados no le han pedido en momento alguno que se retire del caso, ni tampoco que permita que otro abogado se asocie a él para la defensa; y que los acusados no le han pagado sus honorarios por servicios prestados hasta la fecha.

El Lic. Ramos declaró que el 6 de marzo de 1944 los acusados fueron a su oficina y le informaron que el Lic. Santos Borges no los iba a defender y que fué por ese motivo que él radicó la moción de archivo y sobreseimiento; que nunca habló con Santos Borges sobre el asunto; que examinó el expediente del caso y vió que Santos Borges aparecía como abogado de los acusados; y que en el récord no aparece moción alguna sobre sustitución de abogado.

Terminada la práctica de la prueba, la corte resolvió que hasta ese momento el abogado de los acusados era el Lic. Santos Borges; que la moción de archivo radicada por el Lic. Ramos debía ser desglosada para ser presentada después que los acusados pidiesen a la corte el cambio de abogados. Momentos después el Lic. Ramos presentó una moción por escrito, pidiendo la eliminación de Santos como abogado de récord y su sustitución por el Lic. Ramos. La corte ordenó la sustitución de abogado y la suspensión de la vista para que los acusados tuviesen una nueva oportunidad para radicar la moción de archivo. El Lic. Ramos rehusó radi-

car de nuevo la moción de archivo y optó por la radicación ante esta Corte de la petición de mandamus que estamos considerando.

■ No encontramos en todas las actuaciones de la corte inferior nada que pueda ser considerado como lesivo a los intereses de los acusados. Siendo el Lic. Santos Borges el abogado de récord de los acusados y no habiendo éstos solicitado que se le sustituyese por el Lic. Ramos, la corte inferior procedió correctamente al no permitir la intervención de este último hasta que los acusados pidiesen a la corte que aprobara la sustitución. Es indispensable al decoro de la corte y para la ordenada tramitación de los asuntos, que el abogado de récord tenga la dirección y defensa de la causa, y que sus actuaciones no puedan ser discutidas o intervenidas, excepto por la parte a quien representa. Cuando un cliente no estuviere satisfecho con los servicios de su abogado, su remedio legal es bien sencillo. Todo lo que tiene que hacer es presentar a la corte una moción para que le permita cambiar de abogado. Mientras esto no se haga, la corte debe presumir que la parte ha autorizado al abogado para que la represente y defienda durante el curso de los procedimientos. *Gill* v. *Southern Pacific Co.,* 174 Cal. 84, 161 Pac. 1153; *Carter* v. *Holt,* 28 Cal. App. 796, 154 Pac. 37; *McMunn* v. *Lehrke,* 29 Cal. App. 298, 155 Pac. 473; 2 R.C.L. 987; Canon 7 de los Cánones de Etica Profesional, 48 D.P.R. X y XI.

No erró la corte inferior al sostener como sostuvo que mientras el abogado de récord no fuese sustituído por el Lic. Diego E. Ramos, éste no estaba legalmente autorizado para intervenir en el caso.

■■ Del récord ante nos aparece que la corte inferior concedió a los aquí peticionarios amplia oportunidad para radicar de nuevo su moción para el archivo y sobreseimiento de la causa. Y a ese efecto, ordenó la suspensión de la vista que había sido señalada para el 8 de marzo de 1944. Los

acusados rechazaron esa oportunidad que les ofreció la corte inferior y acudieron innecesaria e inoportunamente ante esta Corte en solicitud de un auto de mandamus para el sobreseimiento y archivo de la causa.

El auto de mandamus procede cuando no existiendo justa causa para que un acusado no haya sido sometido a juicio en el término de 120 días, el tribunal inferior se niega a decretar el archivo y sobreseimiento del proceso. En el caso de autos el tribunal inferior no ha tenido una oportunidad para considerar y resolver si procede o no el sobreseimiento de la causa contra los peticionarios. [4] Estos, teniendo un remedio legal adecuado para conseguir el sobreseimiento, si es que a ello tienen derecho, han recurrido a un remedio extraordinario, el mandamus, que sólo puede ser concedido cuando no existe un remedio legal adecuado. Además, el récord ante nos no contiene datos suficientes para que podamos resolver si existió o no justa causa para la dilación en llevar el caso a juicio.

*El auto expedido debe ser anulado y la petición declarada sin lugar.*