Cordero, Juez Ponente
*1387 TEXTO COMPLETO DE LA SENTENCIA
I
Se nos solicita la revisión de una sentencia dictada por el Tribunal de Primera Instancia, Sala ! Superior de San Juan, con fecha de 8 de junio de 1995, y archivada en autos copia de la notificación de la sentencia el 12 de junio de 1995. En su sentencia el tribunal de instancia declaró con lugar la i moción de desestimación presentada por los demandados, la Corporación del Fondo del Seguro del : Estado y su administrador (en adelante ambos se denominarán "el Fondo"), desestimando así la demanda.
El 1 de marzo de 1995, la apelante Gibeca, S.E. (en adelante "Gibeca") presentó una demanda y petición de mandamus solicitando se ordenara al Fondo otorgar el correspondiente contrato de cesión de cierto predio de terreno a favor de Gibeca. Esta alegó que el 9 de noviembre de 1992, mediante contrato de promesa de arrendamiento, el Fondo se había obligado a cederle a ella dicho terreno, para que la apelante construyera allí un edificio de oficinas, comprometiéndose el Fondo a tomar en arrendamiento dicho edificio para establecer sus oficinas y el cual expirado el término del : arrendamiento revertiría al Fondo.
Mediante Orden del 9 de marzo de 1995, el tribunal de instancia le concedió al Fondo veinte (20) días para que contestara las alegaciones de la petición, y mostrara causa por la cual no se debía expedir el auto de mandamus solicitado y ordenarle que proceda a otorgar el contrato de cesión del ¡ terreno que se menciona en la petición. El 6 de abril de 1995 el Fondo compareció contestando la demanda, levantando varias defensas afirmativas. Entre éstas se encuentra la defensa de que no procede el recurso porque el Fondo no es dueño del predio aludido. También, en esa misma fecha contestó la orden de mostrar causa y solicitó la desestimación del recurso presentado por Gibeca. Por : su parte, el 26 de mayo de 1995, Gibeca presentó su oposición a los escritos del Fondo.
La sentencia fue dictada el 8 de junio de 1995. El tribunal de instancia en su resolución acogió la ^ alegación del Fondo de que el mandamus no es un recurso utilizable para hacer valer derechos contractuales basándose en la decisión de Pereda v. Padín, 49 D.P.R. 948 (1936); determinó que tampoco procede el dictar el auto solicitado por ser ambiguas las condiciones bajo las cuales la cesión del terreno en cuestión se habrían de llevar a cabo; y concluyó que la evidencia dodumental sometida por el Fondo demuestra que este último no puede ceder el mencionado terreno por no ser su dueño, sino el Estado Libre Asociado de Puerto Rico. Finalmente el foro a quo declaró con lugar la moción de desestimación presentada por el Fondo no expidiendo así el auto de mandamus solicitado por Gibeca.
Inconforme con esta decisión, el 12 de julio de 1995, Gibeca apeló la sentencia. Solicitó que declaremos con lugar la demanda y le ordenemos al Fondo a que le de fiel cumplimiento a dicho contrato.
II
Siendo el mandamus considerado por la ley como "altamente privilegiado", 32 L.P.R.A. see. 3421, no podrá dictarse el mismo "en los casos en que se encuentre un recurso adecuado y eficaz en el curso ordinario de la ley". 32 L.P.R.A. see. 3423; Román v. Corte, 63 D.P.R. 507, 512 (1944). Dicho recurso, no procede cuando el peticionario ha tenido a su alcance otro remedio legal adecuado, Dávila v. Superintendente de Elecciones, 82 D.P.R. 264, 274 (1960), ya que el objeto del mismo no es reemplazar remedios legales sino suplir la falta de ellos. Colón, v. Com. Policía Insular, 72 D.P.R. 892, 896 (1951).
La jurisprudencia establece, además, que para que pueda obligarse al cumplimiento de un deber por medio del auto de mandamus es necesario que el que lo solicita muestre que se trata de un deber resultante de un empleo, cargo o función pública. El Municipio de Aquadilla v. Am. R. R. Co. Et Al., 30 D.P.R. 895, 897 (1922). Dicho auto sólo procede para exigir el cumplimiento de un deber impuesto por la ley, o sea, un deber calificado de "ministerial", Espina v. Calderón, Juez v. Sucn. Espina, Int., 75 D.P.R. 76, 84 (1953), que no permite discreción en su ejercicio, sino que es mandatorio e imperativo. Noriega Rodríguez v. Hernández Colón,_D.P.R._(1994), 94 J.T.S. 35, pág. 11657.
*1388 El Tribunal Supremo de Puerto Rico ha resuelto además el requisito de que el derecho del promovente y el deber del demandado deben surgir en forma clara y patente. Hernández Agosto v. Romero Barceló, 112 D.P.R. 407, 418 (1982).
El auto de mandamus debe ser expedido en el ejercicio de la sana discreción del tribunal. Zalduondo v. Domenech, Tesorero, 47 D.P.R. 36o, 370 (1934).
El recurso de mandamus no procede para hacer valer derechos contractuales entre dos partes, siendo el recurso legal adecuado y eficaz en este caso el que dichas partes se rijan por el contrato mismo, que es la ley de los contratantes. Pereda v. Padín, supra, pág. 962.
m
Al aplicar los preceptos anteriormente señalados, vemos que la ley en Puerto Rico es tan clara que ella por sí sola, y por sus propios términos, sostiene la sentencia apelada.
Gibeca alega que "el Fondo tiene un deber ministerial de honrar y dar fiel cumplimiento a los contratos vigentes." No hemos encontrado nada en la ley que así lo demuestre. El deber que tiene el Fondo, surge por razón de un convenio y no por virtud de una ley como alega Gibeca. Esta no nos ha mostrado que el Fondo tenga un deber ministerial que pueda hacerse cumplir mediante un mandamus.
Por otro lado, Gibeca alega que no tiene ningún otro remedio en ley para lograr que el Fondo proceda a formalizar el negocio jurídico necesario para garantizarle a la peticionaria la disponibilidad del predio. No estamos de acuerdo. Gibeca nunca se valió de los remedios que le hubieran sido fáciles de lograr, cual eran pedir remedio vía sentencia declaratoria, acción ordinaria (incumplimiento de contratos) y daños y perjuicios. Las relaciones entre Gibeca y el Fondo tienen que regirse por el contrato mismo, que es la ley de los contratantes. Como ya dijimos, cuando el peticionario ha tenido a su alcance otros remedios adecuados en el curso ordinario de la ley, no procede el extraordinario de mandamus. Espina v. Calderón. Juez, v. Sucn. Espina, Int., supra, pág. 84. Si permitiéramos esta situación, entonces cualquier persona o entidad que tenga alguna controversia de índole contractual con el Fondo, podría sustituir el procedimiento ordinario por el extraordinario de mandamus para exigir el cumplimiento de las obligaciones contraídas para con ella.
En el presente caso, el tribunal de instancia, refiriéndose a la cláusula de cesión del predio donde enclavará el edificio en el contrato suscrito por las partes el 9 de noviembre de 1992, determinó que: "el contrato es extremadamente ambiguo en cuanto a las condiciones de esa cesión, la cual trata de algo incidental al asunto principal del contrato, que es la construcción de un edificio de oficinas por la aquí peticionaria, y la toma en arrendamiento de dicho edificio por el Fondo". Estamos de acuerdo con el foro a quo. No surge claramente de la cesión pactada por Gibeca y el Fondo las condiciones bajo las cuales esa cesión se llevaría a cabo. Además, está en controversia si el Fondo es el verdadero titular del predio de terreno, de manera que él pueda disponer libremente del mismo. No podemos olvidar que el auto interesado únicamente procede cuando el derecho del peticionario es claro, Espina v. Calderón, Juez, v. Sucn. Espina, Int., supra; y eso no ocurre en este caso.
Los hechos del presente caso y la jurisprudencia que hemos citado nos llevan a la conclusión que la apelante no ha probado un caso que requiera la expedición de un mandamus. Por lo tanto, no accederemos a la solicitud de la apelante.
IV
Por los fundamentos antes expresados, se confirma la sentencia apelada.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General