## TURNER AND WIFE *v.* CARUTHERS.

An attorney of the Court, who institutes suit in the name of a plaintiff, is presumed *prima facie* to have authority, and the adverse party or his attorney cannot, upon mere suggestion at the bar, deny the right of a party to appear by the attorney of record, nor deny that the attorney so appearing has full authority to prosecute the suit.

During the progress of a case on trial, parties cannot be heard otherwise than through the attorneys of record. If a release or other paper has been executed by one of the parties, it should be pleaded.

Want of authority in the attorney of record to institute a suit cannot be plead in abatement. The proper course, if the suit were not authorized, is for

defendant to move the Court upon affidavits to dismiss the suit, upon the ground that it was not authorized by the person in whose name it is brought, If the attorney, on such motion and after notice of it, fails to show his authority, the Court can dismiss the case.

APPEAL from the Eleventh District.

Ejectment for a house and lot. The complaint is in the usual form, averring ownership and possession of the premises in plaintiffs, and that they were the homestead. The answer first sets up that the suit was commenced by the wife in the name of herself and husband, without authority from him and against his knowledge or consent, and asks that the suit be abated, and then goes on to deny the allegations of the complaint, and sets up a sale and deed of the premises from Turner, the husband, to defendant's lessor.

The case was tried before the Court and these facts found:

The plaintiffs are husband and wife, and owned certain real estate upon which they resided. The husband abandoned his wife, leaving her still residing on the premises. She rented the premises to another person *temporarily*, and engaged in business elsewhere, on property which did not belong to herself or her husband, for the purpose of securing a livelihood, and while she was absent the husband sold the premises to the defendant, who entered upon them without the consent and against the will of the wife. At the trial the husband refused to prosecute this case, and moved the Court to dismiss the same. The wife claimed the premises as her homestead, and insisted upon her right to prosecute the case in the name of herself and husband.

The Court below refused to dismiss the case and gave plaintiffs judgment for possession of the premises. Defendant appeals.

*John Hume,* for Appellant.

*S. W. Sanderson,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The suit having been instituted in the name of the plaintiffs by an attorney of the Court, it is to be presumed *prima facie* that

they authorized the attorney to appear and prosecute.    It was not matter in abatement that the plaintiffs or either one of them had not given this authority.    The proper mode of procedure, if the suit were not authorized, was for the defendant to move the Court upon proper affidavits to dismiss the suit, upon the ground that it was not authorized by those in whose names it was brought.    If the attorney, on such a motion and after notice of it, failed to show his authority, the Court might dismiss the case.    But it would lead to great confusion to hold that the parties may be heard in the progress of a case on trial otherwise than through the attorneys appearing for them on the record.    If a release or other paper had been executed by one of the parties, this might have been pleaded and its legal effect accorded to it.    But it is not admissible, upon a mere suggestion at the bar by the adverse party or his attorney, to deny the right of a party to appear by the attorney of record, or to deny that the attorney so appearing has full authority to prosecute the suit.    (See *McKernan* v. *Patrick*, 4 How. Miss. 336, and the cases there cited.)

Judgment affirmed.