## MAGNOLIA & HEALDSBURG FRUIT CANNERY v. GUERNE.

### No. 14,302; November 9, 1892.

#### 31 Pac. 363.

**Dismissal of Action—Authority of Attorney.**—Where the evidence warrants a finding that the attorney who brings a suit for a corporation against one of the stockholders was not authorized by the corporation to do so, it is proper for the court, on motion of defendant, to enter a judgment dismissing the action.

APPEAL from Superior Court, Sonoma County; John G. Pressley, Judge.

Action by the Magnolia & Healdsburg Fruit Cannery, a corporation, against George E. Guerne, a stockholder. From a judgment dismissing the action, plaintiff appeals. Affirmed.

Barham & Bolton for appellant; Thomas Ruthledge for respondent.

McFARLAND, J.—The plaintiff is a corporation; the defendant is one of its stockholders. Defendant moved to dismiss the action upon the ground that it was brought without the authority of plaintiff, and that the attorney who signed the complaint was not the attorney of plaintiff, and had no authority to bring the action. The court granted the motion, and rendered judgment dismissing the action. Plaintiff appeals from the judgment.

It would serve no useful purpose to notice here in detail the evidence upon which the court below acted. It is sufficient to say that, in our opinion, the evidence warranted the finding that the attorney who brought the suit was not authorized by the corporation plaintiff to bring it. That being so, it was proper practice for the court to enter judgment dismissing the action: Turner v. Caruthers, 17 Cal. 431; Clark v. Willett, 35 Cal. 534.

The judgment is affirmed.

We concur: Sharpstein, J.; De Haven, J.