[Civ. No. 1409.　Third Appellate District.—December 31, 1915.]

## JAMES McMUNN et al., Respondents, v. ALBERT W. LEHRKE, Appellant.

TRIAL—LACK OF NOTICE—NEW TRIAL.—A defendant in an action against whom a judgment is rendered is entitled to a new trial where the trial was had in the absence of the defendant and of counsel representing him, and it is made to appear that no notice of the time of trial was given to the attorneys of record of the defendant or to the attorney whom the defendant was endeavoring to have substituted for them, or to the defendant himself, except by the mailing of a card to him by the clerk of the court.

Id.—Attorney and Client—Ceasing to Act—Duty of Adverse Party.
Where upon the calling of a case for trial it appears that the defendant had attorneys of record who, in the language of section 286 of the Code of Civil Procedure, had "ceased to act as such" and were not present, and that the defendant was without a representative, the adverse party must, before any further proceedings are had against the party thus situated, by written notice, require such party to appoint another attorney or to appear in person.

Id.—Appearance by Attorney—Duty of Court.—A party to an action has the right to change his attorney, but such change must be effected in the manner provided by the statute, and where a party to an action or proceeding appears in court by an attorney, he must be heard through him.

Id.—Construction of Section 473, Code of Civil Procedure—Remedial Provision — Discretion.—The remedial provision of the statute found in section 473 of the Code of Civil Procedure is best observed by disposing of causes upon their substantial merits, rather than with strict regard to technical rules of procedure, and the discretion of the court ought always to be exercised in such manner as will subserve rather than impede or defeat the ends of justice.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial. Thomas C. Denny, Judge.

The facts are stated in the opinion of the court.

W. H. Mahony, for Appellant.

McNair & Stoker, for Respondents.

CHIPMAN, P. J.—This is an action in which plaintiffs seek to recover payments made by plaintiffs upon two contracts in writing by which plaintiffs agreed to buy and defendant agreed to sell two certain five-acre lots of land. Defendant filed a verified answer admitting the execution of the contracts referred to in the complaint and that payments had been made thereon as alleged, but denied that plaintiffs expended the sum of $30 or any other sum for improvements of said property; alleged that plaintiffs failed to make the payments stipulated to be paid, and "that more than two months elapsed after the nonpayment . . . and that defendant thereupon elected to terminate the said contracts and did thereupon terminate said contracts according to the terms of said agreement"; denied that, in May, 1914, or at any

other time defendant requested plaintiffs to relieve him from carrying out the said contracts in consideration of which defendant would either refund to plaintiffs the payments made by them or offer plaintiffs other land in lieu of the land described in said contracts; denied that plaintiffs accepted said or any proposition, or that plaintiffs released defendant from said or any obligation to perform the aforesaid contracts in consideration of the promise then made by defendant or at all; denied that plaintiffs ever demanded of defendant that he either repay said money or offer plaintiffs said or any land in lieu of the land described in said contracts.

The cause came on for trial January 28, 1915, and the court found that "all the allegations of the complaint herein are true and sustained by the evidence; and that none of the denials or allegations of the defendant's answer is true, except such thereof as admit allegations in plaintiffs' complaint." Judgment went accordingly for plaintiffs.

It appears from the engrossed statement on motion for a new trial that "the cause was called for trial in the absence of the defendant, and in the absence of counsel representing the defendant on the twenty-eighth day of January, 1915, the plaintiffs appearing and being represented by counsel, Messrs. McNair & Stoker, whereupon the following proceedings were had and taken on the following oral and documentary evidence adduced, viz.: The Court: McMunn *v.* Lehrke. Mr. Stoker: Ready for plaintiffs, your Honor. The Court: Proceed. There don't seem to be anybody else here. Mr. Stoker: I desire to read an affidavit, if the court please, and after reading it, I will ask the clerk to file it. Affidavit of T. J. Butts, one of the attorneys of record in this action, and as far as that is concerned, he still appears as attorney of record." Then follows Mr. Butts' affidavit which was sworn to on January 27, 1915, the day before the trial. The affiant stated that "he was one of the attorneys for the defendant above named, and as such prepared the answer which defendant verified, and which was filed in the above-entitled cause." (The answer was filed December 5, 1914.) That on his own motion affiant had the cause set for trial for Tuesday, January 26, 1915; that, "some time during the month of December, 1914," defendant was in affiant's office in the city of Santa Rosa, "at which time affiant advised defendant that said cause had been set for trial for

Tuesday, January 26, 1915. That thereafter and during the month of December, 1914, the said Albert Lehrke informed this affiant and R. L. Thompson, the associate of this affiant in said action, that he had placed all his matters, including said case, in the hands of an attorney at San Francisco, and that neither this affiant nor the said R. L. Thompson would represent him any further, and that neither this affiant nor the said Thompson has had anything further to do with any of the matters in which the said Lehrke was interested, and that said attorney from San Francisco has been representing him ever since said time.'' At the request of Mr. Stoker, Mr. Butts' affidavit was read into the record. Mr. Stoker stated that the cause had been regularly set for trial, on motion of defendant's attorney, ''for last Tuesday'' (January 26, 1915), and, he continued, ''I believe on the court's own motion it was carried over until today (January 28), and the clerk advised me he wrote Mr. Lehrke advising him of that fact. At any rate, I understand Mr. Lehrke was not here either by counsel or in person last Tuesday. The Court: That is a fact, is it, Mr. Clerk? Clerk: Yes, your Honor. I dropped him a card stating that the case was set for the 28th, and if he had an attorney to advise him of the matter. The Court: Proceed with the case. Mr. Stoker: Mr. McMunn, be sworn.'' And the trial thereupon proceeded to judgment.

Among the grounds now urged for a reversal of the order it is claimed that the court was without jurisdiction to try the cause; that defendant did not appear at the trial through accident and surprise which ordinary prudence could not have guarded against; and that the court erred in proceeding with the trial in the absence of defendant, after it was made to appear that the defendant's attorneys had ceased to act as such. It becomes necessary to state the facts as they were before the court at the hearing of the motion.

In his affidavit filed with the motion for a new trial, defendant deposed: That he received no notice and had no knowledge that the cause had been set for trial for January 28, 1915, or at any other time, and had he known that the cause was set for trial he would have appeared and presented his defense to the action; that after service of summons he employed Messrs. R. L. Thompson and T. J. Butts, attorneys at law at Santa Rosa, as his attorneys in said cause; that they appeared therein and filed a demurrer and answer; that

affiant was not informed by T. J. Butts or any other person that the case had been set for trial for January 26, 1915; that since the fifth day of February, 1915, he was informed that, on January 21, 1915, the court made a minute order on its own motion and without notice to affiant and in the absence of his attorneys "that this cause be reset for trial for January 28, 1915"; that affiant did not at any time, either by mail or otherwise, have notice or knowledge of the order setting the case for trial for January 28th; that at all times since the commencement of the action he was a resident of Vineburg, in Sonoma County, at which place was an established United States postoffice, and was "affiant's regular and sole postoffice address in said county"; that he relied on his said attorneys "to represent him and to protect his interests in said litigation as long as they remained his attorneys of record and so continued to rely upon said attorneys until on or about February 6, 1915, when for the first time affiant was informed that a trial of said action had been had and that a judgment had been rendered against said affiant therein; that he then learned that an affidavit made by T. J. Butts, one of said attorneys of said affiant, had been presented to the court upon said trial and read and offered in evidence, wherein it was made to appear that for a long time prior to the date of said trial the said Thompson and Butts had ceased to act for said affiant as his attorneys in said action; that it is not true, as set forth in said affidavit of said Butts, that during the month of December, 1914, the said Butts advised affiant that said cause had been set for January 26, 1915." That affiant did not inform said Thompson and Butts, or either of them, that he had placed all his matters including this action in the hands of an attorney in San Francisco or elsewhere, and that neither said Thompson nor Butts would represent affiant thereafter; "but in this behalf affiant says the facts were: That prior to December 7, 1914, to wit, on or about the twenty-fourth day of November, 1914, affiant expressed to his said attorneys Thompson and Butts, his desire to employ his present attorney herein, but that no substitution or change of attorneys was then or there agreed to; that said attorneys Thompson & Butts then and there expressed their willingness to make the change of attorneys suggested, and stated that they would at a later date provide the necessary and formal substitution to be executed; and

that they would in the meantime look after said cause and represent affiant therein until such substitution was made and given. That affiant relying upon said promise and not knowing that any immediate proceedings would be taken in said action requiring the attention of counsel, affiant did not apply to the court for an order changing the attorneys herein, and said substitution was for those reasons left in abeyance. And affiant further says, that said Thompson & Butts, did not give in fact make or give their said substitution of attorneys for affiant in said action until the fourth day of February, 1915." That subsequently, to wit, on the seventh day of December, 1914, the said T. J. Butts, acting as one of the attorneys for affiant in said action, moved the court for an order setting said cause for trial, "and on his said motion the court set the same for trial for January 26, 1915."

In opposition to the motion, Mr. Geo. E. Stoker, one of plaintiffs' attorneys, made affidavit, in the course of which he introduced the affidavits and records filed at the hearing of the motion to vacate the judgment which motion seems not to have been passed upon. Mr. Stoker stated no facts bearing upon the question of his own knowledge except what took place at the trial already set forth. It appeared that defendant made a deposition at the hearing of the motion last above referred to in which the facts stated are substantially as in the affidavit above shown. He stated, however, that he received communications from Mr. Thompson during the month of December, 1914, but no reference was made in any of them that the cause had been set for trial or that either he or Mr. Butts had ceased to act as his attorneys. He deposed further: "That before the filing herein of this affiant's answer he made a full, complete and fair statement to his attorneys, Messrs. T. J. Butts and R. L. Thompson, of all the facts of the case in the foregoing entitled action and was by his last named attorneys informed, and he believes that he has a good defense to said action upon the merits."

Attorney W. H. Mahony deposed: That on or about November 24, 1914, he was consulted by defendant in relation to certain litigation then pending in the county of Sonoma in which defendant was then represented by Messrs. Thompson and Butts of Santa Rosa; that he informed defendant he would not accept employment before consulting his present attorneys and that he could not legally act in said mat-

ters before "receiving from said present attorneys and filing a substitution of attorney authorizing him to do so"; that thereafter, on or about November 25, 1914, affiant went to Santa Rosa, called upon R. L. Thompson, one of said attorneys, "informed him of defendant's desire to employ him to act as attorney in the matters then being conducted by said Thompson & Butts, including the above-entitled action," and that he did not wish to interfere with their employment unless satisfactory to them; that said Thompson expressed his willingness to be relieved from further responsibility in said litigation, and that though they had not been paid for their services, "he knew that the defendant was responsible and would pay them without trouble"; that, on said November 25, 1914, affiant received from said Thompson and Butts substitutions of attorney in two cases other than the present case in which they had been acting for defendant, and at that time the said Thompson promised to forward to affiant by mail substitution of attorney in the present case and also in one entitled Lehrke *v.* Nelson; that, on November 26, 1914, affiant informed defendant of the result of his interview with said Thompson and that affiant had decided to accept said employment and had accepted substitution in two cases; that affiant had been promised substitution in the present case, "and would assume control as soon as he received said substitution, but could not do so otherwise"; that affiant met said Thompson in the courtroom at Santa Rosa on December 15, 1914, and he again promised to forward to affiant by mail substitution of attorney in said last two mentioned cases, together with the papers in said action; that said Thompson not having sent substitutions as promised, affiant wrote to him on January 4, 1915, requesting him to send them; that said Thompson replied, on January 6th, by letter (which is set out in the record), stating that since talking with affiant he had concluded he should be paid in the Nelson case before making the substitution; that he had so written defendant and that he simply wished to explain the delay "in forwarding papers"; that, on January 7, 1915, Mr. Mahony wrote Mr. Thompson explaining that defendant was then in the mountains where he expected to remain ten or twelve days; that affiant forwarded Mr. Thompson's letter to defendant immediately; that on January 13, 1915, affiant met attorney Butts at Sacramento in the courtroom of the district court of

appeal, and informed him that he had not received from Mr. Thompson the substitution in the McMunn case "and could not assume to act in said case as attorney for defendant until formally authorized to do so, whereupon said Butts replied that he would see that the substitution of attorney was forwarded to me by Mr. Thompson"; that affiant did not receive said substitution and heard nothing from Mr. Thompson until February 4, 1915, when affiant telephoned said Thompson "to inquire the status of the case at bar and was told by said Thompson he did not know the condition of the case"; that affiant again requested substitution and, on February 5, 1915, he received a letter from said Thompson inclosing substitutes in the McMunn case and Nelson case "with office copies of the pleadings and copies of contract in the first named case (McMunn *v.* Lehrke) ; that, on February 6, 1915, affiant went to Santa Rosa and then for the first time discovered that a judgment had been entered against defendant Lehrke on January 28, 1915; and that affiant, at no time prior to February 6, 1915, was informed that the case had been set for trial, or that a judgment had been entered therein.

Attorney Thompson testified that he had not been consulted by defendant relative to the facts and "only knew in a general way that such a case was in the office"; that his associate, Mr. Butts, had charge of the case and prepared the answer; "that he did not remember that W. H. Mahony, the present attorney for defendant, ever mentioned the case of McMunn *v.* Lehrke in any of the conversations had between himself and said Mahony, and referred to in said Mahony's affidavit"; that he did remember Mahony's request for substitution in the Nelson case which was in witness' personal charge; that when he wrote to Mr. Mahony, January 6, 1915, "he did not have the case of McMunn *v.* Lehrke in mind," nor later until receiving Mr. Mahony's letter of February 2, 1915, in which he asked for such substitution and he thereupon prepared and sent the same to him.

Without attempting to analyze the various statements of facts thus appearing or separating uncontradicted facts from such as are in more or less conflict, it seems to us the learned trial court erred in denying the motion and upon a question not wholly the subject of judicial discretion. It is undisputed that Messrs. Thompson and Butts were defendant's

29 Cal. App.—20

attorneys of record when the case was set for trial for January 26, 1915; that they were his attorneys of record when the court, of its own motion, on January 21st, reset the case for January 28th, in their absence and in the absence of defendant, and there is no evidence that they were notified of the order of January 21st or that they knew that the cause was to be tried on January 28th. The clerk stated, in response to the inquiry of the court whether the defendant had been advised of the trial, that he "had dropped him a card stating that the case was set for the 28th and if he had an attorney to advise him of the matter." This was not legal service of notice such as the law requires, nor was service made upon defendant's attorneys, the persons upon whom it should have been made. The affidavit of Mr. Butts was introduced by Mr. Stoker as "affidavit of T. J. Butts, one of the attorneys of record in this action, and as far as that is concerned, he still appears as attorney of record."

It is true that Mr. Butts knew the case was set for January 26th, and he deposed that, some time in December, he so told defendant, and it is urged that had the attorneys for defendant appeared on the 26th, they would have learned of the order of January 21st resetting the case for January 28th, and defendant cannot now be heard to complain of their default. But we do not think that knowledge of the order of January 21st can be imputed to them because of their failure to appear on January 26th. The order setting the trial for that day was superseded and was no longer in effect.

Both defendant and his attorney, Mr. Mahony, testified that they had no notice or knowledge that the case was set for trial for January 28th, and it does not appear that either Mr. Thompson or Mr. Butts had notice.

Section 284 of the Code of Civil Procedure provides as follows: "The attorney in an action or special proceeding may be changed at any time before or after judgment or final determination, as follows: 1. Upon the consent of both client and attorney, filed with the clerk, or entered upon the minutes; 2. Upon the order of the court, upon the application of either client or attorney, after notice from one to the other." Section 285 provides that, "When an attorney is changed, as provided in the last section, written notice of the change and of the substitution of a new attorney, or of the appearance of the party in person, must be given to the

adverse party. Until then he must recognize the former attorney." Section 286 provides that, "When an attorney dies, or is removed or suspended, or ceases to act as such, a party to an action, for whom he was acting as attorney, must, before any further proceedings are had against him, be required by the adverse party, by written notice, to appoint another attorney, or to appear in person."

It is undisputed that, early in December, 1914, defendant was endeavoring to dispense with the services of Messrs. Thompson and Butts and to engage Mr. Mahony. The latter made reasonable efforts to be substituted as defendant's attorney by applying to defendant's attorney of record, who refused to make the substitution though claiming that they had ceased to be defendant's attorneys. Later and before the trial they promised to make the substitution but failed to do so. Mr. Mahony took the position, rightfully, that he had no authority to act until substituted in their stead and he so advised defendant. In the meantime, without notice to either Thompson and Butts or Mahony, or defendant, the cause came on for trial and was tried in the absence of defendant and his attorneys. The only service of notice of the trial attempted was by the clerk, as we have seen, who testified that he "dropped a card" to defendant "stating that the case was set for the 28th." But this was no evidence at all of notice to defendant. The statute points out the method by which service by mail is to be proven (Code Civ. Proc., secs. 1012, 1013), and it was not followed. If plaintiffs knew that Thompson and Butts had "ceased to act" as defendant's attorneys, it was plaintiffs' duty, before any further proceedings were had against defendant, to require defendant "by written notice to appoint another attorney, or to appear in person." (Code Civ. Proc., sec. 286.) If plaintiffs did not know that Thompson and Butts had "ceased to act," notice of the trial should have been served upon them. (Code Civ. Proc., sec. 285.) But, the day before the trial, plaintiffs, for some unexplained reason, obtained Mr. Butts' affidavit, from which it appeared that neither he nor Mr. Thompson represented defendant, and plaintiffs' attorney stated to the court that they were still defendant's attorneys of record. The court, therefore, was advised when the case was called that the defendant had attorneys of record who, in the language of section 286, *supra,* had "ceased to act as such" and were not present, and that the defendant was with-

out a representative. In such a case the statute provides that before any further proceedings are had against a party thus situated, the adverse party must, by written notice, require such party to appoint another attorney or to appear in person.

It seems to us that the court was without authority to proceed with the trial. We are further of the opinion that if it was within the discretion of the court so to proceed, it was, under all the circumstances, an abuse of discretion to do so, and that defendant should be relieved from the consequence of his default.

A party to an action has the right to change his attorney, "yet such change must be effected in the manner provided by the statute" (*Gill* v. *Southern Pac. Co.*,* 21 Cal. App. Dec. 821); "and where a party to an action or proceeding appears in court by an attorney he must be heard through him." (Id.) "As long as he has an attorney of record to an action the court cannot recognize any other as having management or control of the action, and the party can act only through his attorney. (*Boca & Loyalton R. R. Co.* v. *Superior Court,* 150 Cal. 153, [88 Pac. 7,18].) In the case of *Toy* v. *Haskell,* 128 Cal. 558, [79 Am. St. Rep. 70, 61 Pac. 89], the plaintiff, without the knowledge or consent of his attorneys of record, signed and delivered to defendant's attorneys a written stipulation authorizing a dismissal of the case, which was accordingly done. The lower court denied a motion to set aside the judgment. On appeal to the supreme court the order was reversed, the court saying: "A party must be heard in court through his attorney, when he has one, and the court has no power or authority of law to recognize anyone in the conduct or disposition of the case except the attorney of record."

In *Nicol* v. *San Francisco,* 130 Cal. 288, [62 Pac. 513], plaintiff's attorney died and plaintiff appointed an attorney, who appeared at the hearing of the motion to dismiss the action. He challenged the jurisdiction of the court because of failure to serve the notice required by section 286 of the Code of Civil Procedure. The court said: "If the plaintiff had failed to appear at the hearing upon the fifteenth day of April, either personally or by attorney, then the lack of service of such notice would probably have been good cause to

---

*On February 7, 1916, this case, by order of the supreme court, was transferred to the supreme court for further hearing.

justify the invoking of the aforesaid provision of the statute,'' but because of his appearance by attorney and his having litigated the matter upon its merits, the court said, ''any question of lack of jurisdiction upon the part of the court to proceed with the hearing is eliminated from the case.''

Speaking of the remedial provision of the statute found in section 473 of the Code of Civil Procedure, the court said, in *Melde* v. *Reynolds*, 129 Cal. 308, [61 Pac. 932] : ''It is best observed by disposing of causes upon their substantial merits, rather than with strict regard to technical rules of procedure. The discretion of the court ought always to be exercised in such manner as will subserve rather than impede or defeat the ends of justice.''

The judgment and order are reversed.

Burnett, J., and Hart, J., concurred.