[L. A. No. 11380. In Bank.—June 16, 1931.]

JOHN T. DRUMMOND et al., Appellants, v. CORA A. WEST et al., Respondents.

Samuel Spencer Jackson, Thomas R. Lynch and Robert J. Adcock for Appellants.

Fall & Fall and J. Gilbert Fall for Respondents.

SEAWELL, J.—Plaintiffs and appellants petition this court to set aside an order heretofore made on December 2, 1930, dismissing their appeal for insufficiency of their opening brief, and to grant them additional time to file a supplemental brief which shall comply with the code provisions relating thereto and the rules of this court.

Respondent, on September 4, 1930, filed in this court proof of personal service upon appellants of a notice that at the September calendar of this court in Los Angeles she would move to dismiss said appeal for failure of appellants' opening brief to comply with section 953c, of the Code of Civil Procedure, which provides that the parties "must print in their briefs or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court". Respondent's attorney, in an affidavit attached to the notice, also claimed that the brief was defective in particulars which would constitute a violation of rule VIII of this court, which requires that the briefs must present each point separately, under an appropriate heading, showing the nature of the question to be presented. Said opening brief consisted of but eleven pages and was deficient in essential respects. The transcript of testimony consisted of 242 pages of typewritten matter.

When the motion to dismiss came before this court on September 15th it was continued to the December Los Angeles calendar at the request of respondent's attorney. This continuance would appear to have been entered pursuant to a stipulation dated September 15th between respondent's attorney and Thomas R. Lynch, who was then acting as attorney for appellants. Said stipulation was as follows: "It is hereby stipulated and agreed by and between the parties hereto, represented by their respective counsel, that the respondent's motion to dismiss the appeal herein may go over to the next term of this Court held in Los Angeles, and that appellants may have twenty days from this date for the filing of a supplemental or substitute brief." Appellants object to the sufficiency of the service of notice of the motion to dismiss, contending that the address at which a copy is averred to have been left for appellant John T. Drummond was not his place of business, as the affidavit of service recites, but that it was a butcher-shop at which he occasionally traded. ■ Any defect in the service of

notice of said motion must be deemed to have been waived by appellants' entering into said stipulation, which is, in effect, a general appearance on said motion, recognizing the jurisdiction of the court to consider the motion on its merits. (*Roth* v. *Superior Court,* 147 Cal. 604 [82 Pac. 246].) The attorney who represented appellants at the time their insufficient opening brief was filed died prior to the service of notice of motion to dismiss. The appellants' appointment of Lynch as their attorney was not filed with the clerk of this court until September 30, 1930. However, said appointment is dated September 15, 1930, and under the circumstances we are disposed to recognize Mr. Lynch as the duly appointed attorney of appellants as of the date when the stipulation was signed by him on behalf of appellants. The stipulation was entered into after Mr. Lynch had written to respondent's attorney informing him that he had but recently come into the case and would ask for a continuance when the motion came before this court on September 15th.

When the motion regularly came before the court on December 2, 1930, the date to which it had been continued, respondent's attorney appeared, but no one appeared on behalf of appellants. The twenty-day period for which appellants had stipulated for the filing of a supplemental brief as per the stipulation of September 15th, had long since elapsed and no supplemental brief whatsoever had been filed. By the answer filed to the petition now before us respondent's attorney avers that on December 1st he called appellants' attorney on the telephone and informed him that the motion was coming on for hearing on December 2d, and that on the morning of December 2d appellants' attorney called him and stated that he would not appear to contest the motion. The appellants' opening brief being palpably insufficient and the additional time allowed for filing of a supplemental brief having long since expired, this court granted the motion to dismiss the appeal.

Thereafter appellants presented a paper denominated a petition for rehearing, which paper, however, is more in the nature of an application to set aside the order of dismissal on the ground of inadvertence and mistake and for time to file thereafter a supplemental brief. By granting the so-called petition for rehearing, this court took the matter under advisement. The matter was submitted on the papers

on file at the time of rehearing granted. The petition bears the typewritten name of Thomas R. Lynch, who is attorney of record for appellants, but it is not signed by him. It is signed only by appellant John T. Drummond and by one Robert J. Adcock, whose signature bears the designation "of counsel for appellants". In the answer to said petition respondent's attorney avers that on the day it was served on him he communicated with said Mr. Lynch over the phone and the latter stated that he knew nothing of the petition and that if his signature was appended thereto it was a forgery. ■ Only the attorney of record is entitled to recognition by courts. Aside from this matter, we are of the view. that the petition fails to state sufficient cause for setting aside the order of dismissal and allowing petitioners additional time to file a supplemental brief. No supplemental brief has been offered at this date.

It is alleged in the petition that Mr. Lynch informed appellants a few days before December 2d that he doubted if it would be advisable to file a new brief, and that he would keep appellants informed when to appear, and that on December 2d, in the evening, after the motion to dismiss had been granted, they received a letter from Mr. Lynch in which he stated that the motion would not come up, as it did not appear upon the printed list of the court calendar for that day. For counsel to have been unaware that the matter was scheduled to come up on December 2d would have been inexcusable neglect on his part. That he in fact was not misled is indicated by the uncontradicted averments of respondent's attorney, which are to the effect that he and opposing counsel discussed the matter of the hearing being set for December 2d and said counsel stated he would not contest the dismissal. At the date of said hearing, to wit, December 2d, the time for filing the supplemental brief had expired and appellants do not even attempt to state any facts which would have constituted good cause for granting a further extension. Petitioners do not charge Mr. Lynch with fraud or bad faith in representing them.

■ The insufficient opening brief was filed only after appellants had obtained by stipulation two extensions of time. Said brief is insufficient to comply with the statute and rules of this court. We are of the view that under the circumstances appellants are not entitled to further

indulgence from this court and the respondent. The reason for the delay is not apparent.

We may state in conclusion that we have, nevertheless, given heed to the appeal upon its merits and upon an examination of the record we are quite satisfied that appellants could not ultimately prevail in the action as stated by the pleadings. The main question involves the construction of contracts of exchange of real properties, all of which are encumbered. The plaintiffs sought to rescind and cancel the contracts of exchange on the ground of fraud, which is alleged to have consisted in misrepresentations and suppressions of material facts. A number of issues of fact were submitted to the jury, which in the main found against plaintiffs, and the court, upon findings which find support in the evidence, rendered judgment in defendant's favor.

The appeal is dismissed.

Waste, C. J., Richards, J., Shenk, J., Preston, J., and Langdon, J., concurred.