[Civ. No. 15746.   First Dist., Div. One.   Nov. 4, 1953.]

LEAH CARRARA, Respondent, v. ALBERT CARRARA
Appellant.

Benjamin F. Marlowe for Appellant.

Bert W. Hirschberg for Respondent.

BRAY, J.—Defendant appeals from an order setting aside an order modifying a final decree of divorce.

## QUESTION PRESENTED

Did the irregularity in substitution of plaintiff's attorney deprive the court of jurisdiction to hear plaintiff's motion?

## RECORD

In a final decree of divorce, the joint custody of their minor child was awarded the parties. In May, 1952, the decree was modified to define defendant's right of visitation. In that proceeding plaintiff was represented by Attorney Murray. August 15th, defendant mailed to the latter a notice that on August 22d he would move to modify the final decree to give defendant exclusive custody of the child. August 16th, Attorney Murray wrote defendant's attorney to the effect that his services for plaintiff were concluded with the filing of the previous modification order; that he had never been formally substituted for plaintiff's attorney of record who represented her at the time of the final decree; that plaintiff had disregarded his advice, had not paid his fee, had not given him her address nor communicated with him; and that ''in the absence of judicial compulsion my legal counsel and representation are no longer available to plaintiff. . . . In the circumstances I think service should properly be made on the plaintiff. You can probably obtain plaintiff's address from Mrs. Carrara [defendant's new wife] who is more familiar with the plaintiff's location and address than I am. Thank you for giving me this opportunity to set the record straight, and conclude the matter in this office.'' No effort was made to notify plaintiff. August 22d, defendant appeared and stated that Attorney Murray had written that he did not know where plaintiff was. On defendant's testimony the court made an order modifying the decree and giving defendant sole custody of the child subject to plaintiff's right of visitation.

September 4th, Attorney Hirschberg, as attorney for plaintiff, served upon defendant's attorney a notice of motion to set aside the order modifying the final decree of divorce, to be heard the next day. The grounds of the motion were ''no proper service of the notice of motion to modify was served on the plaintiff herein; that *plaintiff was not represented at*

*the hearing of said motion . . ."* (Emphasis added.) At the hearing Hirschberg filed a substitution of himself as attorney for plaintiff. Defendant's attorney appeared, objected to the hearing and to Attorney Hirschberg's representing plaintiff, on the ground that the substitution of attorneys did not comply with sections 284 and 285, Code of Civil Procedure.

The court then stated that if the substitution was not sufficient it would continue the hearing until a proper one could be obtained as it wanted to hear the motion on the merits. Thereupon defendant asked for a continuance of the hearing because the shortness of the notice (an order shortening time for service had been made) did not give him time to prepare. The matter was continued to September 10th. Defendant filed a written objection to the appearance of an attorney not of record and to the jurisdiction of the court. The objection was argued and overruled and the court made the order appealed from setting aside the previous order.

## SUBSTITUTION OF ATTORNEYS

Defendant now contends that the grounds of the notice of motion were insufficient to justify the setting aside of the previous order. This point was not made in the lower court. There, the sole objection to the proceeding was the insufficiency of the substitution. ■ The ground that no proper service of the motion to modify had been made was not well based, in that it has been held that where service on the attorney of record is permitted such service binds the client until the attorney is discharged or substituted out of the case in the manner provided by law. (*Reynolds* v. *Reynolds*, 21 Cal.2d 580 [134 P.2d 251].) It should be pointed out that if defendant is correct in his contention that the order made on Attorney Hirschberg's motion is void, then the previous order modifying the decree defining defendant's right of visitation is likewise void, as that order was made on stipulation of an attorney for plaintiff who had not been formally substituted for her then attorney of record.

While the service on Murray, the then attorney of record for plaintiff, was technically a service on plaintiff, there was *in fact* no service upon her and as stated in the second ground of the notice of motion to set aside the order, "plaintiff was not represented at the hearing of said motion . . ." Obviously, although service was proper, plaintiff did not actually have her day in court, and had the court known the true

circumstances at the time of the hearing of the motion to modify it would have given her a chance to be heard.

▇ Defendant's main contention is based on the insufficiency of the substitution. It consisted merely of a statement signed by plaintiff to the effect that she substituted Hirschberg as her attorney in the action in place of "all my prior counsel therein." It did not comply with the statutory requirements in that it did not contain a consent by Attorney Murray, an acceptance by Attorney Hirschberg, nor was it served on defendant. As pointed out by the court, Attorney Hirschberg's presence in court constituted an acceptance. ▇ The main purpose of a substitution of attorneys is that both the court and opposing counsel may know that they are dealing with an attorney who has power to bind the party he purports to represent. ▇ Defendant knew from Attorney Murray's letter that Murray no longer represented plaintiff. That letter was read into evidence at the hearing. From it, the court could reasonably conclude that a formal consent by Murray to a substitution was not required. Defendant appeared in court on the notice given by Attorney Hirschberg. Under the circumstances of this case plaintiff's failure to have Attorney Murray's consent to the substitution was immaterial. There are many cases using such language as "Only the attorney of record is entitled to recognition by courts." (*Drummond* v. *West,* 212 Cal. 766 [300 P. 823]. See, also, among others, *Board of Commissioners* v. *Younger,* 29 Cal. 147 [87 Am.Dec. 164]; *Turner* v. *Caruthers,* 17 Cal. 431; *McMunn* v. *Lehrke,* 29 Cal.App. 298 [155 P. 473]; *Anglo-California T. Co.* v. *Oakland Rys.,* 191 Cal. 387 [216 P. 578]; 3 Cal.Jur. 637, § 45.) But in none of them were the circumstances such as here. In fact in none of them was there a substitution of attorneys signed by the party. None of them holds that an irregularity in the substitution of attorneys deprives the court of jurisdiction.

▇ Here, as said in *Sedarovich* v. *Paul,* 16 Cal.App.2d 452, 454 [60 P.2d 871], concerning the failure to file a substitution of attorneys already executed, "No one was misled to his prejudice . . ." (P. 455.) In *Withers* v. *Little,* 56 Cal. 370, no notice of the substitution of attorneys by defendant was served upon plaintiff. However, the attorneys for plaintiff acknowledged receipt of the notice of appeal prepared by the substituted attorney. The court held that if plaintiff's attorneys did not intend to recognize the substituted attorney they should have refused to acknowledge service. In our case, if

defendant did not intend to recognize Attorney Hirschberg as plaintiff's attorney, defendant should not have appeared at the hearing. (In accord, *Livermore* v. *Webb*, 56 Cal. 489.) In *Warden* v. *Lamb*, 98 Cal.App. 738 [277 P. 867], defendant originally appeared in propria persona. Later she filed a document "associating" one Hopkins as attorney of record in the case. Later Hopkins moved for the substitution of himself and another attorney as attorneys of record in place of himself alone. Plaintiff objected, contending that the original "association" of an attorney did not comply with sections 284 and 285 of the Code of Civil Procedure (the sections defendant here relies upon). The court held (p. 743) : "So far as sections 284 and 285 of the Code of Civil Procedure are involved in this action, they are pertinent only in that they required the defendant to give the appellant due notice of attorneys which she was authorized or her attorneys were authorized to recognize. When that was done, as appears by the record of the court was done in this case, the appellant was left no cause for complaint. In so far as any irregularity of procedure may have occurred in the entry of the attorneys of record by the order of the court, or as to any informality in the writing signed by the defendant, employing her attorneys, we think that section $4\frac{1}{2}$ of article VI of the Constitution is applicable." In *McMunn* v. *Lehrke, supra,* 29 Cal.App. 298, where a judgment based upon notice of trial given to defendant's attorneys of record who notified plaintiff's attorneys that they no longer represented defendant was reversed, the court stated that it is better to dispose of " '. . . causes upon their substantial merits, rather than with strict regard to technical rules of procedure. The discretion of the court ought always to be exercised in such manner as will subserve rather than impede or defeat the ends of justice.' " (P. 309.)

The order is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied December 4, 1953, and appellant's petition for a hearing by the Supreme Court was denied December 30, 1953.