Filed 3/20/14  P. v. Horton CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL HORTON,<br><br>    Defendant and Appellant. | B246679<br><br>(Los Angeles County<br>Super. Ct. No. TA104028) |
| In re MICHAEL HORTON,<br><br>    on Habeas Corpus. | B251537 |

APPEAL from a judgment of the Superior Court of Los Angeles County, John Cheroske, Judge.  ORIGINAL PROCEEDING; Petition for Writ of Habeas Corpus. Petition denied; judgment affirmed.

David L. Polsky, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey and Shawn McGahey Webb, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Michael Horton was convicted on two counts of attempted murder and one count of unlawfully driving or taking a vehicle, with true findings on great bodily injury, weapons use and gang enhancement allegations. He was sentenced as a third strike offender to an aggregate state prison term of 99 years to life. Horton appealed on numerous grounds. We conditionally reversed the judgment on the attempted murder convictions and directed the trial court to hold a new hearing on remand on Horton's motion to disclose the identity of a confidential informant, because the court had failed to follow the procedural requirements of Evidence Code section 1042, subdivision (d)[1]. (*People v. Horton* (July 18, 2012, B230381) [nonpub. opn.].)

On remand, the trial court held a new hearing, denied the motion and reinstated the judgment on the attempted murder convictions. Horton challenged the judgment by filing both an appeal, contending the trial court again failed to comply with section 1042, subdivision (d), and a petition for writ of habeas corpus, arguing he was denied his Sixth Amendment rights at the new hearing. We previously issued an order to show cause. After considering the petition in conjunction with this appeal, we affirm the judgment and deny the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Confidential Informant Disclosure Motion and Prior Appeal

While representing himself in 2009, Horton filed a pretrial motion seeking the identity of a confidential informant who had supplied information to the police prior to Horton's arrest. The trial court denied the motion at an in camera hearing outside Horton's presence. Thereafter, Horton agreed to be represented by appointed counsel. On appeal, we determined the trial court erred by not conducting "a hearing at which all parties may present evidence on the issues of disclosure" pursuant to section 1042,

---

[1]     Statutory references are to the Evidence Code, unless otherwise indicated.

subdivision (d).**2**  Rather than holding a public portion of the hearing and an in camera proceeding as contemplated by the statute, the court conducted the entire hearing in camera, effectively denying Horton the opportunity to present evidence on the question of whether the informant was a material witness on the issue of guilt.  (*People v. Horton* (July 18, 2012, B230381) [nonpub. opn.].)

We also concluded the trial court improperly relied entirely upon an extremely brief and general presentation by the prosecutor concerning the information supplied by the confidential informant.  The prosecutor stated how the police had used the information given by the informant, but she did not describe what the information actually was and how the informant had come to possess it.  The court did not ask any questions after the prosecutor's three-sentence description of the information.  Because of these errors, the record was insufficient to permit us to engage in a meaningful review of

---

**2**     Section 1042, subdivision (d), sets forth the procedural requirements for a motion to disclose a confidential informant's identity: "When, in any such criminal proceeding, a party demands disclosure of the identity of the informant on the ground the informant is a material witness on the issue of guilt, the court shall conduct a hearing at which all parties may present evidence on the issue of disclosure.  Such hearing shall be conducted outside the presence of the jury, if any.  During the hearing, if the privilege provided for in Section 1041 is claimed by a person authorized to do so or if a person who is authorized to claim such privilege refuses to answer any question on the ground that the answer would tend to disclose the identity of the informant, the prosecuting attorney may request that the court hold an in camera hearing.  If such a request is made, the court shall hold such a hearing outside the presence of the defendant and his counsel.  At the in camera hearing, the prosecution may offer evidence which would tend to disclose or which discloses the identity of the informant to aid the court in its determination whether there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial.  A reporter shall be present at the in camera hearing.  Any transcription of the proceedings at the in camera hearing, as well as any physical evidence presented at the hearing, shall be ordered sealed by the court, and only a court may have access to its contents.  The court shall not order disclosure, nor strike the testimony of the witness who invokes the privilege, nor dismiss the criminal proceeding, if the party offering the witness refuses to disclose the identity of the informant, unless, based upon the evidence presented at the hearing held in the presence of the defendant and his counsel and the evidence presented at the in camera hearing, the court concludes that there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial."

3

the court's ruling that the identity of the informant need not be disclosed. Accordingly, we conditionally reversed the judgment and remanded with directions that the trial court conduct a full hearing under section 1042 and make the necessary findings on the evidence presented whether the informant was a material witness. (*People v. Horton* (July 18, 2012, B230381) [nonpub. opn.].)

## II. Hearing on Remand

On January 23, 2013, the trial court held a new hearing on the motion to disclose the confidential informant. Horton was not present. Defense counsel, Robin Yanes, who had represented Horton at trial appeared on his behalf. After appearances of counsel were made, the court conducted an in camera hearing outside the presence of defense counsel.

Present at the hearing were the prosecutor and Sergeant Robert Dean, the investigating officer. Dean was placed under oath and provided testimony in response to the prosecutor's questions about what information the informant had provided and how the informant had come to possess it. The prosecutor did not call the informant as a witness at trial. At the close of the in camera hearing, the court concluded there was no reasonable possibility the informant could have given evidence on the issue of guilt that might have exonerated Horton, and he was thus not deprived of a fair trial.

In open court, the court ruled the informant was not to be disclosed and invited Yanes to speak. Yanes stated while the prosecutor had apparently never intended to have the informant testify at trial, had the defense been able to interview the informant, he or she may have provided relevant information regarding third-party culpability. The court then denied the motion.

## III. Habeas Corpus Petition

In his petition for writ of habeas corpus, Horton contends the trial court violated his Sixth Amendment right to represent himself and to his choice of counsel, by holding the hearing on remand in his absence and having defense counsel appear on his behalf.

4

In support of the petition, Horton submitted his own declaration stating that in October 2012, Horton informed appellate counsel that he currently was representing himself in the case, and he no longer wanted to be represented by Yanes, who had been appointed to represent him at trial. Horton stated that he intended either to represent himself or to retain private counsel to represent him at the new hearing. In November and December 2012 and in January 2013, Horton was repeatedly told by appellate counsel that the hearing had not yet been scheduled and that the courtroom clerk handling the matter was aware that Horton no longer wished to be represented by Yanes. Horton never received notice from the trial court or Yanes of the hearing date.

This showing was supplemented by a declaration by appellate counsel, who stated in November 2012 he telephoned the courtroom of the bench officer who was to hold the hearing on remand. Appellate counsel informed the courtroom clerk that Horton did not want to be represented by Yanes at the hearing, was currently representing himself and planned to retain private counsel. The clerk stated it was unlikely the hearing would be scheduled prior to January 1, 2013 and assured appellate counsel that both he and Horton would be notified of the hearing date. In December 2012 and early January 2013, appellate counsel again spoke to the clerk and was told each time that the hearing had not yet been calendared. When appellate counsel contacted the clerk on January 29, 2013, he learned the motion had been heard and denied on January 23, 2013. Appellate counsel received a copy of the minute order and confirmed with Yanes that Horton had not been present at the hearing and that counsel had been ordered by the trial court to appear on Horton's behalf. Yanes did not notify Horton of the hearing date.

The People filed a return in which they maintained Horton's Sixth Amendment rights were not violated because he was properly represented by Yanes who was obligated to appear on Horton's behalf in this case until he was either formally relieved as the attorney of record or the judgment became final. Accompanying the return were the declarations of the courtroom clerk and defense counsel. The courtroom clerk stated he did not recall receiving any telephone calls from appellate counsel. The clerk asserted

5

that, had he been telephoned by an attorney indicating a particular defendant did not wish to be represented by his or her counsel of record, the clerk would have instructed the attorney to have the defendant so notify the trial court in writing. The clerk further stated he would never have agreed to "informally" notify an attorney, who is not counsel of record, of a hearing date in a case.

According to Yanes's declaration, neither Horton nor appellate counsel had advised him that Horton did not want defense counsel to represent him, was currently representing himself and was attempting to retain private counsel to represent him at the new hearing. If Yanes had been made aware of Horton's wishes, he would have communicated them to the trial court at the new hearing.

## DISCUSSION

### I.    Habeas Petition

Horton contends that, because he was excluded from the hearing on remand to disclose the confidential informant, he was denied his Sixth and Fourteenth Amendment rights to represent himself or to be represented by his choice of counsel and his right to be personally present at a critical stage of the proceedings.

Without question a defendant's right to counsel under the Sixth and Fourteenth Amendments applies at all critical stages of a criminal proceeding. (*Mempa v. Rhay* (1967) 389 U.S. 128, 134 [19 L.Ed.2d 336, 88 S.Ct. 254]; *People v. Crayton* (2002) 28 Cal.4th 346, 362.) Included in this Sixth Amendment guarantee is the right to retained counsel of choice (*United States v. Gonzalez-Lopez* (2006) 548 U.S. 140, 144, 151-152 [165 L.Ed.2d 409, 126 S.Ct. 1557]; *People v. Maciel* (2012) 57 Cal.4th 482, 512) as well as the right to waive counsel and invoke the right to self-representation. (*Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525].) "[E]manating from the confrontation clause of the Sixth Amendment and the due process clause of the Fourteenth Amendment," is the defendant's right to be personally present "at any stage of the criminal proceedings that is critical to its outcome if his presence would contribute to the fairness of the procedure.'" (*Kentucky v. Stincer* (1987) 482 U.S. 730, 745 [96

L.Ed.2d 631, 107 S.Ct. 2658]; see also *United States v. Gagnon* (1985) 470 U.S. 522, 526 [84 L.Ed.2d 486, 105 S.Ct. 1482]; *People v. Blacksher* (2011) 52 Cal.4th 769, 799; *People v. Cole* (2004) 33 Cal.4th 1158, 1230.)  "It is also required by section 15 of article I of the California Constitution and by sections 977 and 1043." (*People v. Concepcion* (2008) 45 Cal.4th 77, 81.)[3]

Because Horton failed to notify the court of his intention either to represent himself or to substitute retained counsel for appointed counsel, we do not reach the claim that he was denied the right to self-representation or choice of counsel.  Nor, on this record, can we conclude that the court violated Horton's right to be personally present at a critical stage of the criminal proceedings.  Horton has failed to demonstrate that his presence was necessary to protect his rights to a fair trial or that his absence prejudiced his defense.

### A.  Horton's Rights to Counsel Were Not Implicated

Robin Yanes was still Horton's attorney of record at the time of the hearing on remand.  Although Horton may have intended to assert his Sixth and Fourteenth Amendment right to represent himself or to have retained counsel represent him at the pending hearing, he never did.  Horton did not formally substitute Yanes out as counsel or otherwise personally contact the trial court, the district attorney or Yanes to make his intentions known.

"The main purpose of a substitution of attorneys is that both the court and opposing counsel may know that they are dealing with an attorney who has the power to bind the party he purports to represent." (*Carrara v. Carrara* (1953) 121 Cal.App.2d 59,

---

[3]    Under Penal Code, section 977, subdivision (b)(1), a felony defendant "shall be present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence," and "shall" also attend "all other proceedings," unless he or she executes a written waiver of the right to be present "in open court."  Penal Code, section 1043, subdivision (a), states that, "Except as otherwise provided in this section, the defendant in a felony case shall be personally present at the trial."

62.) "'It is settled that the attorney of record has the exclusive right to appear in court for his client and to control the court proceedings, so that neither the party himself [citations], nor another attorney [citations], can be recognized by the court in the conduct or disposition of the case.'" (*People v Merkouris* (1956) 46 Cal.2d 540, 554-555 [italics omitted].) "'A party to an action may appear in his own proper person or by attorney, but he cannot do both. If he appears by attorney he must be heard through him, and it is indispensable to the decorum of the Court, and the due and orderly conduct of a cause that such attorney shall have the management and control of the action and his acts go unquestioned by any one [*sic*] except the party whom he represents. So long as he remains attorney of record the Court cannot recognize any other as having the management of the case.'" (*Magee v. Superior Court* (1973) 34 Cal.App.3d 201, 213, disapproved on another ground in *People v. Norris* (1985) 40 Cal.3d 51, 56.)

Two statutes specifically govern how substitution of counsel is to take place in the absence of a motion: sections 284 and 285 of the Code of Civil Procedure. Section 284 provides, in relevant part, that "the attorney in an action . . . may be changed at any time before or after judgment or final determination . . . [¶] upon the consent of both client and attorney, *filed with the clerk or entered upon the minutes.*" (Italics added.) Section 285 provides: "When an attorney is changed, as provided in [section 284], written notice of the change and of the substitution of a new attorney, or of the appearance of the party in person, must be given to the adverse party." The procedure set forth in sections 284 and 285 of the Code of Civil Procedure applies to criminal as well as civil actions. (*People v. Bouchard* (1957) 49 Cal.2d 438, 440-441.)

None of the requirements of sections 284 and 285 of the Code of Civil Procedure were met here. Horton's only contact with the court was through the informal communication by his trial counsel. Horton's pro. per. filing of the notice of appeal in his prior appeal only rendered the appeal effective; it did not constitute a request for, or an actual substitution of, counsel. Because the record fails to reflect that Horton made a request for substitution of counsel in anticipation of the hearing, the record necessarily

8

fails to support Horton's claim that he was denied his right to counsel to self-representation or to choice of counsel.  The trial court could not deprive Horton of rights he never asserted.  Accordingly, Horton's Sixth and Fourteenth Amendment rights to counsel were not implicated.

### B.  Horton's Fair Trial Rights Were Not Implicated

Horton maintains that his exclusion from the hearing on remand also violated his Fourteenth Amendment right to be personally present at a critical stage of the proceedings.  The threshold issue thus becomes whether Horton had a constitutional right to be personally present at the hearing, emphasizing the particular nature of these proceedings.  We evaluate whether his presence would have a substantial relationship to his ability to defend, or would instead be of no use. (*Kentucky v. Stincer, supra,* 482 U.S. at p. 745.)

In *Stincer* the defendant argued his exclusion from a hearing to assess the competency of child witnesses to testify violated his Fourteenth Amendment right to due process because the hearing was a crucial phase of the trial.  The Court concluded the nature of the competency hearing at issue, which addressed only each child's ability to recall and narrate facts and to distinguish between truth and falsehood, did not bear a substantial relationship to the defendant's opportunity to defend. (*Kentucky v. Stincer, supra*, 482 U.S. at pp. 746-747.)  As defendant had not shown his presence would have been useful in determining whether the witnesses were competent to testify, the Court found the defendant had failed to establish that his absence constituted a constitutional deprivation. (*Id.* at p. 747.)

The Supreme Court acknowledged that "even in situations where the defendant is not actually confronting witnesses or evidence against him, he has a due process right 'to be present in his own person whenever his presence has a relation, reasonably substantial, to the fulness [sic] of his opportunity to defend against the charge.'" (*Kentucky v. Stincer, supra,* 482 U.S. at p. 745.)  The Court stressed that while the "privilege of presence is not guaranteed 'when presence would be useless, or the benefit but a

9

shadow,' [citation], due process clearly requires that a defendant be allowed to be present 'to the extent that a fair and just hearing would be thwarted by his absence.' [Citation]." Thus, "a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." (*Kentucky v. Stincer, supra,* 482 U.S. at p. 745.)

The state constitutional right to be personally present ""''is generally coextensive with the federal due process right. [Citations.]' [Citation.] Neither the state nor the federal Constitution, nor the statutory requirements of sections 977 and 1043, require the defendant's personal appearance at proceedings where his presence bears no reasonable, substantial relation to his opportunity to defend the charges against him."''" (*People v. Blacksher, supra*, 52 Cal.4th at p. 799.) "'Defendant has the burden of demonstrating that his absence prejudiced his case or denied him a fair trial.'" (*Ibid.*; see *Kentucky v. Stincer, supra,* 482 U.S. at p. 747.)

Having reviewed the transcript of the hearing on remand, we conclude that Horton has not met his burden to show that his personal presence would have "contribute[d] to the fairness of the procedure" in any significant manner within the meaning of the Sixth and Fourteenth Amendments (*Kentucky v. Stincer, supra*, 482 U.S. at p. 745), or had a """"reasonably substantial relation to the fullness of his opportunity to defend against the charge,''''" within the meaning of article I, section 15 of the California Constitution or Penal Code, sections 977 and 1043. (See *People v. Cole, supra*, 33 Cal.4th at pp. 1231-1232.) It is true the hearing on remand suffered from the same procedural defect as the prior hearing. The proceedings had no public portion, at which Horton could have presented evidence on the issue of materiality. However, Horton has not indicated that his presence at the hearing on remand would have been useful in establishing the requisite materiality. Specifically, nowhere in his declaration does Horton state how his presence would have contributed to demonstrating the need for the informant's identity and countering the prosecutor's claim of privilege. Furthermore, in his petition, Horton speculates that "it was possible that his total exclusion" from the

10

hearing could have prejudiced him because, having prepared the motion, he was more familiar with it than defense counsel; he fails, however, to provide any information or argument he could have contributed. Horton failed to demonstrate that in any manner the fairness of the hearing or the fullness of his opportunity to defend were somehow thwarted by his absence. (See *Kentucky v. Stincer, supra,* 482 U.S. at pp.745, 747.)

## II. APPEAL

As we discussed in our earlier opinion, the procedure for seeking the identity of a confidential informant involves an initial hearing at which all parties may present evidence whether the confidential informant is a material witness. (§ 1042, subd. (d).) If the prosecutor refuses to disclose the informant's identity, the court holds an in camera hearing, outside the presence of the defendant and his counsel, during which the prosecutor may offer evidence on the materiality of the informant, which would tend to disclose his or her identity. (*Ibid.*) "An informant is a material witness if there appears, from the evidence presented, a reasonable possibility that he or she could give evidence on the issue of guilt that might exonerate the defendant. [Citation.]" (*People v. Lawley* (2002) 27 Cal.4th 102, 159-160; see also § 1042, subd. (d).) "Where the evidence indicates [that] the informer was an actual participant in the crime alleged or was a nonparticipating eyewitness to that offense, ipso facto it is held he would be a material witness on the issue of guilt and nondisclosure will deprive the defendant of a fair trial." (*People v. Lee* (1985) 164 Cal.App.3d 830, 835-836.) Nonetheless, it is not enough that the witness could provide evidence relevant to issues of guilt, or is a percipient witness or participant. (*People v. Davis* (2010) 186 Cal.App.4th 1272, 1277-1278.) "An informant is not a 'material witness' nor does his nondisclosure deny the defendant a fair trial where the informant's testimony although 'material' on the issue of guilt could only further implicate rather than exonerate the defendant." (*People v. Alderrou* (1987) 191 Cal.App.3d 1074, 1080-1081; *People v. Garza* (1995) 32 Cal.App.4th 148, 155.)

Thus, when the evidence adduced at an *in camera* hearing tends to establish the lack of a "reasonable possibility that a particular percipient eyewitness-informer could

11

give evidence on the issue of guilt which might result in a defendant's exoneration . . . , the witness would not be material under the test for materiality established by the California Supreme Court." (*People v. Lanfrey* (1988) 204 Cal.App.3d 491, 502-503; see *People v. Lawley*, *supra*, 27 Cal.4th at p. 159.)

In *Roviaro v. United States* (1957) 353 U.S. 53 [1 l.Ed.2d 639, 77 S.Ct. 623], the United States Supreme Court recognized the prosecution's privilege to refuse to disclose the identity of a confidential informant, but imposed various limitations on that privilege to ensure that its application comported with "the fundamental requirements of fairness." (*Id.* at p. 60.) "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." (*Id.* at pp. 60-61, fn. omitted.) The nature of that determination precluded the establishment of a "fixed rule with respect to disclosure." (*Id.* at p. 62.) Instead, the *Roviaro* court favored an approach that balanced the "public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." (*Ibid.*)

We agree with Horton that the trial court failed to comply with the requirements of section 1042, subdivision (d) at the hearing on remand by again failing to hold a public hearing prior to the in camera hearing for all parties to present evidence whether the confidential informant was a material witness. Nonetheless, following our review of the transcript of the in camera hearing, we have concluded that under the most stringent standard of review the trial court's error was harmless beyond a reasonable doubt. (*Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 87 S.Ct. 824].) All evidence introduced at the *in camera* hearing was given under oath, and no opinions, characterizations of witness statements, or assumptions or conclusions were uttered by the testifying officer–merely facts. We are satisfied from the information imparted

12

during the *in camera* hearing that the confidential informant was not a material witness who could provide evidence that might result in Horton's exoneration. The prosecutor conducted a sufficiently searching inquiry, and the trial court properly concluded the informant could not have provided exonerating evidence. (See *People v. Lawley*, *supra*, 27 Cal.4th at p. 160.) Accordingly, notwithstanding the trial court's error, Horton was not deprived of a fair trial in this case by the denial of his motion to disclose the informant's identity.

## DISPOSITION

The petition is denied; the judgment is affirmed.


ZELON, J.


We concur:


PERLUSS, P. J.


WOODS, J.

13